JOHN B. GREGORY, Respondent, v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 25, 1886.

1. PLEADING—APPEALS FROM JUSTICES—AMENDMENT OF STATEMENT IN CIRCUIT COURT.—Section 3060, Revised Statutes, permits amendments of statements, or set-offs filed before a justice of the peace, in cases of appeal, in the appellate (circuit) court, to supply any deficiency or omission therein, when, by such amendment, substantial justice will be promoted; "but no new item or cause of action not embraced or *intended* to be included in the original account or statement shall be added by such amendment." What was intended to be embraced in the original cause of action must be gleaned from the face of the statement.

2. ——— CHARACTER OF AMENDMENT PERMISSIBLE.—Where such statement is good at common law, and is sufficient, it cannot be changed by amendment to the statutory action for double damages. The statute requires a trial of the same cause of action, and none other, on the appeal. Sect. 3058, Rev. Stat.

APPEAL from Audrain Circuit Court, HON. ELIJAH ROBINSON, Judge.

*Reversed and remanded.*

Statement of case by the court.

This action was instituted before a justice of the peace in Audrain county, Missouri.

Plaintiff filed the following complaint in the justice's court:

"The Wabash, St. Louis & Pacific Railroad Company to J. B. Gregory, Dr.

"To value of one cow, killed by train on said road, on May 12, 1883, near the eastern part of Mexico, between mile posts number 107 and 108. Said train being a west bound freight, $50.00"

The plaintiff obtained judgment by default before the justice, and defendant perfected its appeal to the

circuit court of Audrain county, Missouri. The following amended complaint was filed thereafter in the circuit court:

"The Wabash, St. Louis & Pacific Railroad Company
    to John B. Gregory, Dr.

"To value of one cow, killed by train, $50.00, which said cow was killed by a west-bound train, near the eastern limits of the city of Mexico, in Salt River township, county of Audrain, and state of Missouri, on the 12th day of May, 1883. Said killing took place at a point on said road where the same passed through, along, or adjoining enclosed lands of the plaintiff, and where it was made the duty of defendant, by law, to erect and maintain lawful fences on the sides of said road, which said defendant failed to do, by reason of which the said cow of plaintiff escaped from said enclosure and went onto defendant's track and was killed, as aforesaid."

The defendant filed its motion to strike out plaintiff's amended complaint, for the following reasons:

"1.   The amended statement stated a different cause of action from that contained in the original statement, upon which the cause was tried before the justice."

"2.   *   *   *   *   *   *   *   *   *   *   * "

"3.   The cause of action tried before the justice, was an action at common law, and the statement as amended shows a cause of action under the statute."

The court overruled defendant's motion to strike out.

The defendant having refused to plead further, the court entered up a judgment *nil dicit* in favor of plaintiff, for one hundred dollars, double damages.

After an unsuccessful motion in arrest of judgment, in which the reason assigned was that the amended statement did not state facts sufficient to constitute a cause of action, defendant perfected its appeal.

GEO. S. GROVER, for the appellant.

I.   The original complaint, filed before the justice, was fatally defective. It was not good as a statement of

a common law cause of action, because of not alleging negligence of defendant in running its trains. *Johnson v. R. R.*, 76 Mo. 554. It contained none of the averments necessary in an action under section 2124 of the statute. *Burton v. R. R.*, 30 Mo. 375; *Quick v. R. R.*, 31 Mo. 400; *Clarkson v. R. R.*, 84 Mo. 583. It was defective under section 809, Revised Statutes, in failing to allege that the stock was killed in consequence of the failure of defendant to erect and maintain fences, where so required by law. *Johnson v. R. R.*, 76 Mo. 554; *Nance v. R. R.*, 79 Mo. 196; *Hudgens v. R. R., Id.* 418.

II. The original complaint stated no cause of action whatever. In such case, the circuit court, upon appeal, has no power to permit an amendment to be made, *as there is nothing to amend. Batcheler v. Bess*, 22 Mo. 402; *Gist v. Loring*, 60 Mo. 487.

III. The statute provides that the *same* cause of action, and no other, shall be tried upon the appeal, and that amendments may be made, in the appellate court, which do not change the cause of action. Sects. 3038, 3060, Rev. Stat. But this amendment changed the cause of action from common law to the statute, and should not have been permitted. *Kraft v. Hurt*, 11 Mo. 109; *Webb v. Tweedie*, 30 Mo. 488; *Hansberger v. R. R.*, 43 Mo. 196; *Lincoln v. R. R.*, 75 Mo. 27.

IV. Even as amended, the statement does not aver a cause of action. It is not alleged that the cow went upon the track at a point where defendant was required by law to fence its track; nor is the point described so as to bring it within the terms of the statute. *Rowland v. R. R.*, 73 Mo. 621; *Wilson v. R. R., supra*, and other cases cited.

DUNCAN & HITT, for the respondent.
I. The court did not err in allowing plaintiff to amend his statement, nor in rendering judgment for him thereon. The amendment was properly allowed by the circuit court. See sect. 3060, Rev. Stat.; also, *King v. R. I. & Pac. R. R. Co.*, 70 Mo. 328; *Dryden v. Smith*, 79 Mo. 525.

II. The statement, as amended, contained aver-ments of a good cause of action under section 809 of the statutes.

III. Under section 3060, Revised Statutes, the only items excluded from the circuit court amendments are such as were not *embraced* or *intended* to be *included* in the original account or statement. By this test, it follows *ex necessitate rei*, that the amendment could not, in any sense, change the cause of action; and any item intended to be included in the original statement can be saved by amendment.

ELLISON, J.—This action involves a construction of section 3060, Revised Statutes. That section permits amendments, on appeal to the circuit court, to supply any deficiency or omission therein, when, by such amendment, substantial justice will be promoted; "but no new item or cause of action not embraced or *intended* to be included in the original account or statement shall be added by such amendment." What was intended to be embraced in the original cause of action must be gleaned from the face of the statement.

The court cannot inquire what was the private intent of the party, but can only look to the paper to gather the intention. The statement may show on its face that the plaintiff intended to bring an action under section 809 of the statute, but has omitted some averment necessary to make the case. In such case he may amend. As an instance, in the case of *Johnson v. Railway Company* (76 Mo. 553), we find the following statement:

"St. Louis, Kansas City & Northern Railway Company,
    Dr. to S. W. Johnson.

"To killing one cow by your cars, in Lathrop township, Clinton county, Missouri, on your railroad, on or about the 24th day of November, 1878, at a point on said railway where said road was not enclosed by a fence as required by law. Damages, $27.5( "

There, it is evident from the paper, the plaintiff aimed to sue under section 43, now 809, but he omits es-

sential averments to bring it properly under the section.

If section 3060 had been in force when that action originated, I have no doubt the supreme court would have held the amendment was allowable.

In the cases of *King v. Railway Company* (79 Mo. 328), and *Dryden v. Smith* (79 Mo. 525), cited by plaintiff, each clearly indicated on their face what was intended, and an amendment, for that reason, was allowed. In this case, however, there is nothing to show that the plaintiff intended to bring his action under the double damage section. There is nothing in the statement which would go to show he knew there was such a statute. Neither is there anything to indicate that he intended to bring it under section 2124. No attempt is made to set out a cause of action under that section. None of the essentials required by *Quick v. Railway Company* (31 Mo. 400), *Russell v. Railway Company* (83 Mo. 507), and *Clarkson v. Railway Company* (84 Mo. 583), are essayed.

He was wronged, and, perhaps, knew by the common law of the land he had a remedy, and was endeavoring to assert it. And his statement is at common law, and is sufficiently full as such under the opinion in the case of *Menter v. Railway Company* (82 Mo. 128).

The amendment made, however, changes the cause of action from one at common law to the statutory action for double damages. This is not permissible, under repeated rulings of the supreme court, both before and since the case of *Hansberger v. Railway Company* (43 Mo. 196). Notwithstanding the liberality of amendment conferred by section 3060, the provision, section 3058, requiring a trial of the same cause of action, and none other, on appeal, remains.

The judgment will be reversed and the cause remanded. All concur.