Nutter v. Houston.

---

## T. J. NUTTER, Respondent, v. W. F. HOUSTON *et al.*, Appellants.

### Kansas City Court of Appeals, December 1, 1890.

1. Amendment: CHANGING CAUSE OF ACTION: REMANDING CAUSE. On appeal from a justice to the circuit court, an amendment cannot change the cause of action, but the amendment in this case is *held* not to change the cause of action ; and the fact, that on a former appeal the appellate court, while holding the original statement no statement, remanded the cause, shows that, in the opinion of the appellate court, there could be an amendment.

2. Costs: RULES OF COURT. Rules of practice not unreasonable in themselves, and not subversive of the rights of litigants, may be prescribed by the trial court, and where a motion for costs does not comply with such rules it is properly overruled.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*R. T. Railey,* for White and Haynes.

(1) Section 2916 of Revised Statutes, 1889, and section 986 of Revised Statutes, 1879, in express terms, authorized the clerk and sheriff to file the foregoing motion for costs. (2) A final judgment was rendered against White and Haynes, on their motion for costs. They appealed the case to this court in due form, after judgment had been rendered in favor of plaintiff and against said W. T. Houston. (3) Rule 14 of the court below will be found on pages 3 and 4 of the supplemental abstract herein. After defendant refused to appear further the clerk and sheriff filed the foregoing motion for costs.

*Geo. Bird* and *Railey & Burney,* for Houston.

(1) The original statement filed before the justice in this case will appear on page 452, in 32 Mo. App. It is there set forth as follows: "T. J. Nutter, plaintiff, *vs.* W. T. Houston, defendant, for services of the season of 1887, two mares, balance, eighteen dollars." We submit that a plain, unequivocal reading of this statement would disclose to the mind that plaintiff had made a settlement with defendant for the services of two mares which he had hired during the season of 1887, and that the settlement had been made, by the terms of which defendant owed plaintiff the sum of eighteen dollars. It clearly appears to be an attempt to recover on an account stated. The attorneys for respondent on page 452, aforesaid, in their brief, state the action as founded upon an account stated. The amended statement filed herein, which the defendant

moved to strike out, states the cause of action founded upon the services of plaintiff's stallion, "Kentucky Chief;" there was, therefore, a total variance and clear departure between the original and amended statements. (2) The plain reading of the original statement shows that the word "season" qualifies the year, and has no reference to the mares, except to show that they had performed services for defendant. From this statement, construed from any standpoint, how could it be inferred that any reference was made to the stallion? If plaintiff had hired his mares to defendant for the season of 1887, and defendant had agreed to pay him a balance of eighteen dollars thereon, would it not be presumed that the foregoing statement was intended to refer to that kind of a case? There is nothing in this record, now before the court, but the original and amended statements, and defendant's motion to strike out. It has been repeatedly held by this court, that, before an amendment can be allowed, the original cause of action must show on its face that the facts stated in the amended statement appear on the face of the original statement. The court cannot inquire what was the private intent of the parties, but can only look to the paper to gather intentions. *Gregory v. Railroad*, 20 Mo. App. 451 ; *Sturges v. Botts*, 24 Mo. App. 287.

No brief for respondent.

ELLISON, J.—This action was brought on the following account: "T. J. Nutter, plaintiff, *vs.* W. T. Houston, defendant. For the services of the season of 1887, two mares, balance, eighteen dollars." Plaintiff was successful below, and on appeal here the cause was remanded, the account being considered no statement of a cause of action before a justice of the peace. 32 Mo. App. 451.

Plaintiff then filed in the circuit court the following amended statement:

Nutter v. Houston.

" STATE OF MISSOURI, } ss.     In the Circuit Court,
    " County of Cass,               May Term, 1889.

" Thomas Nutter,
                    Plaintiff,
            vs.
" W. T. Houston,
                    Defendant.

" Plaintiff for the amended petition states, that, in the spring and summer of 1887, he was the owner of, and was standing for service to mares at Harrisonville, Missouri, a certain stallion known as 'The Kentucky Chief;' that his terms for service of said stallion to mares by the season were ten dollars for each mare, payable at the time of service or within the season, one dollar of the money to be due at the time of service; that, in the spring of 1887, defendant bred two mares to said stallion for the season, and paid one dollar to plaintiff thereon for each of said mares; that the balance for said service, to-wit, the sum of eighteen dollars is due and unpaid, for which with interest and costs, plaintiff asks judgment."

Defendant moved to strike out this amended statement, contending that it changed the cause of action, and also that, if the original statement was "no statement whatever," as held when the cause was formerly here, there was nothing to amend by. This motion was overruled. Defendant then filed his exceptions and appeared no further in the cause until judgment was rendered in due course for plaintiff, whereupon he appealed to this court.

Our opinion is that the amendment was properly allowed, and that defendant's motion was, therefore, rightly overruled. We have decided that, notwithstanding the liberal change made by section 3060 of the Revised Statutes, 1879, as to amendments on appeal from a justice of the peace to a circuit court, the amendment could not change the cause of action. *Gregory v. Railroad,* 20 Mo. App. 448; *Sturges v.*

*Botts*, 24 Mo. App. 282; R. S. 1879, sec. 358. These were cases where it appeared that one cause of action was alleged before the justice, and a different cause of action was substituted in the circuit court. In the case at bar it does not appear that the amendment in the circuit court is a different cause of action from that stated or tried before the justice. So, although no cause of action was stated by the paper in the justice's court, it does not follow that the amendment in the circuit court changed the cause of action. Whether, in a cause like this, where no cause of action is stated by the paper filed with the justice, it would be allowable, on an amendment in the circuit court stating a cause of action, to permit testimony showing what cause of action was tried before the justice, need not be decided. It is sufficient to say here that the paper filed, though not a sufficient statement, was such a one as permitted an amendment in the circuit court. The fact that it stated no cause of action will not bar an amendment under section 3060, so long as it is apparent that it was intended as a statement of a cause of action. *Herman v. Fanning*, 33 Mo. App. 50; *Butts v. Phelps*, 79 Mo. 302. It may be added that the fact that we remanded the cause when it was here before shows it was our opinion that there could be an amendment.

II. After the cause was remanded by this court, and after the motion above considered was overruled, the clerk and sheriff of the court filed a motion asking that the plaintiff be required to give security for costs on the ground that, since the beginning of the action he had become a non-resident of the state, and that the sureties theretofore given had become insolvent. By a rule of the circuit court of Cass county, it was required that motions for costs when filed after the return term should disclose upon their face that the cause for the motion had arisen, or the knowledge of it first came to the party making the motion, since the last adjournment of court. The motion of the officers herein discloses

that since the commencement of the action plaintiff had become a non-resident, but does not disclose when the sureties became insolvent, nor when such knowledge came to them.    It does not, therefore, comply with the requirement of such rule, and was properly overruled for that, if for no other, reason.    Rules of practice, not unreasonable in themselves and not subversive of the rights of litigants, may be prescribed by the trial court. They are recognized by the law as necessary to the orderly and proper administration of justice, and should be upheld.

The judgment will be affirmed.    All concur.