HENRY D. EVANS, Defendant in Error, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Plaintiff in Error.

*Kansas City Court of Appeals, May 6, 1896.

1. **Appeals**: JUSTICES' COURTS: SAME CAUSE OF ACTION: AMENDMENT. No amendment can be made in the circuit court on appeal from the justice's court which changes the cause of action.

2. ———: ———: STATEMENT: AMENDMENT. A statement before a justice must show what was intended to be stated else it can not be known whether the amendment in the circuit court is confined to the same cause of action.

3. ———: ———: ———: ———. If the statement in the justice's court fails to show what cause of action was intended, whether the circuit court would receive evidence as to what cause was tried before the justice or whether it should consider the full record of the justice in determining the cause tried, *quaere?*

4. **Statement**: AMENDMENT: CHANGE OF ACTION. The statement in this case before the justice and also the amendment on appeal in the circuit court are considered and both *held* to state a common law action for killing stock and neither to be under any statute relating to that subject.

5. **Railroads**: KILLING STOCK: ATTORNEY'S FEE. In a common law action against a railroad for killing stock, plaintiff is not entitled to judgment for attorney's fee for prosecuting the action.

*Appeal from the Camden Circuit Court.*—HON ARGUS COX, Judge.

AFFIRMED CONDITIONALLY.

*Edward D. Kenna, L. F. Parker,* and *H. S. Abbott* for plaintiff in error.

(1)   The amendment changed the cause of action, and is prohibited by section 6345 of the Revised Statutes of 1889, and is violative of section 6347. The

*This case reached the reporter December 6, 1896.

leading case on this subject is that of *Hansberger v. Railroad*, 43 Mo. 196. This case has been cited with approval by both the Kansas City court of appeals, the St. Louis court of appeals and the supreme court of this state, and has never been overruled or modified. *Beattie v. Hill*, 60 Mo. 72, 74; *Gregory v. Railroad*, 20 Mo. App. 452, 488; *Hanson v. Jones*, 20 Mo. App. 595, 600; *Medart v. Mfg. Co.*, 51 Mo. App. 19, 23. (2) There is no authority given either by the statute or the decisions of this state authorizing the assessment and recovery of the attorney's fee of $25. The judgment in this case should be reversed for this error alone. It is not claimed that the action was brought or attempted to be brought under section 2613, and that is the only section authorizing the recovery of an attorney's fee in actions for killing or injuring stock by a railroad company.

*E. C. Holt* for defendant in error.

No brief for defendant in error.

ELLISON, J.—This action was brought in a justice's court, to recover of the railway company $15, for killing one brood sow, and also a ''reasonable attorney's fee.'' The railway company suffered a default. The justice rendered judgment against it for $15 and costs and $25 attorney's fee, from which judgment an appeal was duly perfected to the Camden county circuit court. In the circuit court, the plaintiff filed an amended petition. After the amended petition was filed, the appellee made a motion to affirm, and this was granted without hearing any evidence. An attorney's fee was prayed for in both petitions, original and amended. The justice allowed $25, and this part of the judgment was also affirmed by the circuit court. The case comes into this court by writ of error.

The defendant complains that the cause of action before the justice was changed by the amendment; and that even if the amendment could have been properly made, the judgment could not have been affirmed without hearing the evidence on the cause as amended; since on such amendment there had been no hearing. Defendant also complains of the allowance of the attorney's fee.

The present liberal statute on amendments of actions in circuit courts, on appeal from justices of the peace, section 6347, does not permit an amendment which changes the cause of action.    The statute, section 6345, in terms declares:  ''The same cause of action and no other, that was tried before the justice, shall be tried before the appellate court upon the appeal.''    The effect of section 6347 is, that amendments may be made in the circuit court, stating properly the same cause of action which was *intended* to be stated before the justice.    The cause of action tried before the justice must be tried before the circuit court. The circuit court has no authority to permit any different cause of action to be stated by amendment, or to be tried.

Since the same cause of action (and no other) which was tried before the justice of the peace, shall be tried on appeal, and since amendments can only be made which state the same cause of action which was intended to be stated before the justice, it follows that the statement before the justice must show what was intended to be stated, else it can not be known whether the amendment is confined to the same cause of action. And so we have held that the defective statement before the justice must show the cause of action intended to be stated.    *Gregory v. Railroad Co.*, 20 Mo. App. 448; *Sturges v. Botts*, 24 Mo. App. 282.    It is familiar to

the bar and the courts that a pleading may fail to state a cause of action and yet it be perfectly apparent from what it does state that a certain cause of action was intended to be stated. In all such cases, the statute of amendments permits an amendment in the circuit court, to carry out that intention. But if a statement not only fails to state sufficient facts to constitute a cause of action, but *also* fails to state any facts which will show *what* cause of action was intended to be stated, it can not be amended; otherwise, the statute forbidding a change of the action in the circuit court from that intended in the justice's court, might be violated. In other words, before the court can permit an amendment, *it must appear* to the court that such amendment does not change the cause of action intended to be stated before the justice, and this can only appear, of course, by the court seeing and understanding what particular cause of action was intended.

Whether in a case where the statement fails to show what cause of action was intended, the circuit court could receive evidence of what cause was tried before the justice, we need not decide. See *Nutter v. Huston*, 42 Mo. App. 363. Or whether the full record of the justice could be considered with the statement, in ascertaining the intention.

In this case, the legal effect of what plaintiff stated in his statement before the justice was to make a common law action, with a superfluous allegation or prayer, for an attorney's fee. The first question, then, on an offer to amend, is, what cause of action did he intend to state? In considering the intention, which may be gathered from the statement, we should consider the causes of action, which he had for the killing of his animal. He had a common law action, an action for double damages under section 2611 of the statute, an action for single damages, with attorney's fee, under

section 2612 of the statute, and an action under section 4428 of the statute, for single damages, when the injury occurred where there is no fence. Which of these several rights of action did plaintiff intend to state? We can not know his intention except as it may be expressed or shown by the statement. It sufficiently appears that he did not intend to state a case under section 2611, for he does not ask for double damages, nor does he state the facts which would entitle him to a judgment under that section. It also sufficiently appears that he did not intend to state a case under section 2612, notwithstanding he asks for an attorney's fee, for his statement is that the animal was killed by coming in collision or contact with the train; whereas, that section was enacted especially to meet cases where *there was no contact*, and where the injury happened by frightening the animal into a fence, culvert, or mire. There can be no recovery under that section, when the injury results from a collision with a train. The action, then, was intended to be either under section 4428, or at common law; if under either, the prayer for an attorney's fee would have to be treated as surplusage, since it could not be allowed in connection with either of such actions. I conclude that it was not intended to be under section 4428, since none of the distinctive elements, which go to make a case under that section, are stated. By construction of the courts, that section is held to give a cause of action without proof of negligence, where the injury happens at a point where the company may fence, but it is not compelled to fence. There are some places along railway tracks, which the statute requires to be fenced. There are other places where the company may lawfully fence, but are not compelled to do so. A statement disclosing the latter state of facts, states a cause of action under section 4428. And the statement under consideration failing

to show anything which tends to show an intention to be based on that section, as well as on the two other sections before mentioned, fails altogether to show an intention to make a case under the statute.

We have already seen that the effect of the statement was to state a good cause of action at common law, and it not appearing that there was an intention to state any other cause of action, we must assume such action as the one intended to be stated. Having, therefore, stated a cause of action which amounts to an action at common law and it not appearing any other kind of action was intended, it was error in the court to permit it to be amended for the purpose of stating some other cause.

But, under the peculiar facts of this amended statement, no harm has resulted, from the fact that the amendment, judged from the record including the amendment, itself, does not change the cause of action from one at common law. Taking only a portion of the amended statement, it might be said that it showed an intention to state a cause of action under either section 2611, or section 2612. But, looking at the entire matter, we see this could not be. It could not have been intended to be for double damages under section 2611, for double damages are nowhere asked, either in the statement, or by motion, nor is any judgment asked or rendered for such damages; and it asks an attorney's fee, which is not allowed by that section. And it could not have been intended to be under section 2612, for it alleges and shows that the animal was killed in a collision by being run over by the engine; whereas, that section provides for a case only, as before shown, where the injury happens, without collision, by the animal being frightened into a fence, culvert, etc. And so, also, it is apparent that the amendment does not make a case under section 4428 aforesaid. The amend-

ment, therefore, still left the action one at common law and while unnecessary, was harmless.

The judgment for plaintiff was erroneous in so far as it included an attorney's fee of $25. If, therefore, the plaintiff will remit that sum within fifteen days, the judgment will affirmed; otherwise, it will be reversed and the cause remanded. All concur.