## J. P. SNYDER, Respondent, v. SAMUEL GERICKE, Appellant.

**St. Louis Court of Appeals, April 28, 1903.**

1. **Action on Note:** MINOR: RATIFICATION, WHAT CONSTITUTES. In a suit on a promissory note of a minor, against him when of age, the evidence tended to show that he had directed a party, who owed him a sum sufficient to pay the note, to pay it to plaintiff, and that the party paid it to plaintiff, as directed. *Held*, that an instruction that declared that defendant had ratified the note by directing the party who owed him to pay plaintiff, which he did, did not constitute such ratification of the non-enforcible note, as the law required.

2. ———: NON-ENFORCIBLE CONTRACT: ACT RATIFYING MUST BE VOLUNTARY. To ratify the non-enforcible contract of an infant by payment as he becomes of age, within the meaning of section 3433, Revised Statutes 1899, the payment must be a voluntary one made on the debt, which the payor at the time recognized as a subsisting debt against him.

3. ———: RATIFICATION AFTER SUIT. A non-enforcible contract of an infant may be ratified as well after a suit is instituted as before.

4. Ratification to be Pleaded, When: NOT IN JUSTICES' COURT. In a suit brought in a justice's court, the defendant is not required to plead the ratification of the contract. This would be true, however, if the suit had originated in the circuit court.

Appeal from Lawrence Circuit Court.—*Hon. Henry C. Pepper*, Judge.

REVERSED AND REMANDED.

*William B. Skinner* for appellant.

(1) A ratification must be pleaded by a party seeking its protection, and unless it is pleaded it can not avail. Wade v. Hardy, 75 Mo. 399; Webb v. Allington & Anderson, 27 Mo. App. 571. (2) No action shall be maintained whereby to charge any person upon any debt contracted during infancy unless such person shall have ratified the same by some other act than a verbal promise to pay the same, and the following acts on the part of such person after he becomes of full age shall constitute a ratification of such debt: first, an acknowledgment of or promise to pay such debt made in writing; second, a partial payment upon such debt. R. S. 1889, sec. 3433.

*Jos. M. McPherson* for respondent.

That the defendant ratified this contract after he became of age is admitted. Witness Cherry also testified that the defendant directed him to pay the amount due him for work, to plaintiff Snyder, on this note, and

that this was after the defendant became of age; that plaintiff agreed to accept the amount and credit the note for such sum.   This would constitute a ratification.   R. S. 1899, sec. 3423; Brown v. Kirk, 20 Mo. App. 524; Brown v. Croy, 74 Mo. App. 462, and cases cited; 1 Parsons on Contracts (5 Ed.), p. 221; 4 Amer. and Eng. Ency. of Law (2 Ed.), p. 503, and pp. 305, 666 and 672, of vol. 21; 2 Daniel on Neg. Inst., secs. 1140 to 1291.

BLAND, P. J.—The suit was commenced in a justice's court on the following promissory note:

"$18.50.                         Miller, Mo., June 2, 1898.
     "Three months after date I promise to pay to the order of S. W. Bishop, eighteen dollars and fifty one-hundredths dollars.   For value received, negotiable and payable without defalcation or discount and with interest from date at the rate of eight per cent per annum, and if the interest be not paid annually to become as principal and bear the same rate of interest.
                             "SAMUEL GERICKE.
     "Due Sept. 2.
     "Indorsed:   G. W. Bishop."

Plaintiff recovered judgment in the justice's court from which defendant appealed.

After the cause reached the circuit court, defendant filed the following answer:

"Comes now the defendant and for answer in his behalf, admits that he signed the note sued on, but says that at the time he did so he was an infant, under the age of twenty-one years.

"Further answering defendant says that after said note was signed by defendant, the plaintiff, for a consideration, released the defendant from any liability thereon, and agreed to look alone for payment to one Hamp Cherry, who was indebted to defendant in a sum sufficient to pay the same.

"Wherefore defendant asks to be discharged with costs."

No reply was filed to the answer.

On a trial *de novo* in the circuit court, the issues were submitted to the court. Plaintiff read the note in evidence and proved that Bishop, the payee, had indorsed and delivered the note to him for value and before maturity.

Defendant proved that he was born June 18, 1879, and that the note was given for a buggy, which he had disposed of before suit and before he attained his majority. He also offered evidence tending to prove that one Cherry owed him about $20 for labor when plaintiff acquired the note; that after plaintiff acquired the note he agreed with defendant to look to Cherry for payment of the notes, and that Cherry agreed to pay what he owed plaintiff on the note.

Plaintiff's evidence is that he did not agree to look to Cherry for payment, but only agreed to accept any payment that Cherry would make and credit the note therewith.

Cherry did not pay anything until after the cause reached the circuit court by appeal. He then offered to pay defendant $19.90, claiming that was all he owed him. Both defendant and Cherry testified that when Cherry made this offer, the defendant told him that he did not owe him anything and that he could pay it to Snyder. Cherry testified that defendant had told him prior to this to pay what he owed to Snyder.

No instructions were given for plaintiff.

The court gave the following for defendant:

"1. The court declares the law to be that if the court finds from the evidence, that at the time the defendant executed the note sued on, he was an infant under the age of twenty-one years, and that the same was not given for necessaries purchased by such infant, then the finding and judgment must be for the defendant, unless such defendant has ratified such note and

debt represented thereby, as provided by law, since he became of age.''

The following instruction, asked by defendant, was refused:

''2. The court declares the law to be even though the court finds from the evidence that the defendant told the witness, Cherry, this fall, and after this suit was brought, that he did not owe him anything on account of the labor he had performed for the witness in the winter of 1897-8, that it was going to plaintiff Snyder on the note sued on, and he wanted him to pay it to Snyder under the agreement entered into prior to the time defendant became of age, and thereafter to-wit, on the Monday preceding this trial, Cherry paid to Snyder the sum of $19.90, on the note, for defendant, such facts would not constitute a ratification of the note and debt represented thereby, in law, and plaintiff is not entitled to recover by reason thereof.''

The court found the issues for plaintiff and rendered judgment in his favor for $4.11. Defendant appealed.

1. It is conceded that the defendant was a minor when he made the note. The court, therefore, must have found against his contention that plaintiff had agreed to look to Cherry for payment and that the payment made by Cherry was, in the circumstances, equivalent to payment by the defendant, made after he became of age and was ratification of the contract, within the meaning of section 3433, Revised Statutes 1899. There is some evidence in the record in support of this view and the judgment should be affirmed, unless the court erred in refusing the second instruction asked by defendant. To ratify the non-enforcible contract of an infant by payment after he becomes of age, within the meaning of section 3433, supra, the payment must be a voluntary one made on a debt, which the payor at the time recognizes and acknowledges as a subsisting debt against him.

The undisputed evidence is that defendant told Cherry that he did not owe him anything, but to pay Snyder. If this direction was given in the honest belief that Snyder had theretofore agreed to look to Cherry alone for payment of the note, then the payment was not such a payment as would amount to a ratification of the contract, and we think the refused instruction asked by defendant (modified to conform to the views herein expressed) should be given on a retrial of the cause.

2. The third refused instruction asked by defendant is not the law. A non-enforcible contract may be ratified as well after as before suit.

3. It is contended by the defendant that to entitle plaintiff to recover on the theory of ratification, he should have pleaded the ratification. This would be true if the cause had originated in the circuit court. Currier v. Lowe, 32 Mo. 203; Capital Bank v. Armstrong, 62 Mo. 59; Webb v. Allington & Anderson, 27 Mo. App. 659. But the suit originated in a justice's court, where no formal pleadings are required, besides the case was tried by both parties on the theory that defendant had ratified the contract by payment after he had attained his majority. The appeal must be disposed of on the same theory that the parties tried it on in the circuit court.

For error in refusing defendant's second instruction, the judgment is reversed and the cause remanded. *Reyburn* and *Goode, JJ.,* concur.