JESSE ENGLE, Appellant, v. PAT FERRELL, Respondent.

Kansas City Court of Appeals, November 4, 1907.

1. **JUSTICES' COURTS: Appeal: Amendment: Partition Fence: Evidence.** An amended statement on an appeal from a justice is reviewed and held to state but a single cause of action, to-wit, neglect to maintain a proper partition fence. *Held*, evidence regarding the breachy character of a trespassing bull was immaterial, since the issue related solely to the character of the fence.

2. ———: ———: ———: **Cause of Action.** No amendment which changes the cause of action tried before a justice can be allowed in the appellate court.

3. **TRIAL PRACTICE: Record: Statement: Motion for New Trial.** Though the record shows that an attorney made a certain statement in his argument, it will not suffice to show the

126 App—37

truth of such statement, nor does the recital in the motion for new trial make the statement true; but its truth must appear from the bill of exceptions apart from such motion.

4. ———: **Statement: Cause of Action: Evidence.** The statement under judgment stated a cause of action and the real objection was as to the competency of the evidence in regard to the breachy character of the trespassing bull, which was incompetent under the statement.

Appeal from Worth Circuit Court.—*Hon. William C. Ellison*, Judge.

AFFIRMED.

*Hudson, DuBois & Engle* for appellant.

(1) The court erred in excluding the evidence offered by plaintiff tending to prove his cause of action based on the breachy known propensities of said bull. R. S. 1899, sec. 3852; Manley v. Mfg. Co., 103 Mo. App. 139; Johnson v. Kahn, 97 Mo. App. 628; Cunningham v. Dickerson, 104 Mo. App. 412; Calmes v. Haight & Co., 85 Mo. App. 362; State ex rel. v. Delaney, 122 Mo. App. 239, 99 S. W. 1; Haseltine v. Smith, 154 Mo. 404; Broyhill v. Norton, 175 Mo. 202; Goldsmith v. Candy Co., 85 Mo. App. 600; Marshall v. Ferguson, 78 Mo. App. 650; Grove v. Kansas City, 75 Mo. 672; Dodge v. Coal Co., 115 Mo. App. 507; Hurst v. Ash Grove, 98 Mo. 168; Young v. Iron Co., 103 Mo. 327; Scamell v. Transit Co., 103 Mo. App. 512; Optical Co. v. Richards, 62 Mo. App. 410; Sisk v. Insurance Co., 95 Mo. App. 708; Bank v. Leyser, 116 Mo. 51. (2) The court erred in refusing to allow plaintiff to amend his statement as asked during the trial of the case. R. S. 1899, secs. 601, 4079; Herman v. Fanning, 33 Mo. App. 52; Scovill v. Glasner, 79 Mo. 449; Pickering v. Telegraph Co., 47 Mo. 457; Dowdy v. Wamble, 41 Mo. App. 573, 110 Mo. 28; Warner v. Close, 120 Mo. App. 211; Keene v. Sappington, 115 Mo. App. 33; Daniel v. Atkins, 66 Mo. App. 342.

*B. R. Mastin* and *A. M. Tibbels,* for respondent, filed no brief.

ELLISON, J.—This action is for damages alleged to have been suffered by defendant by reason of the trespass of defendant's bull upon plaintiff's premises and getting with calf three of the latter's thoroughbred cows. The judgment in the trial court was for the plaintiff. It appears that plaintiff and defendant are the owners of adjoining pastures separated by a partition fence and that plaintiff pastured cows on his side while defendant pastured the bull on his side.

The action was begun before a justice of the peace and was appealed to the circuit court. In that court plaintiff filed an amended statement which was in the form of a petition. Whether the paper is called a statement or petition is of no practical importance. Plaintiff claims that it states two causes of action, one for damages caused by defendant failing to maintain his portion of such fence and allowed it "to rot and decay, and the wires thereon to become loose and unfastened from the posts" in consequence of which the bull entered through such fence onto plaintiff's premises. The other based on "the breachy and vicious propensities of the bull known to defendant." The trial court permitted the issues to be tried on the first cause claimed by plaintiff as to the defective fence and the verdict was for the defendant, and to this result plaintiff took no exception and makes no objection here. But for the second cause claimed, as to the "vicious and breachy" disposition of the bull the evidence offered was excluded; and of this complaint is earnestly made.

In order to have a proper understanding of the case it should be borne in mind that one statement alleges that the pastures were "separated and divided by a partition fence, and that defendant failed and neglected to maintain and keep in repair his portion of said fence,

but allowed the same to rot and decay, and the wires thereon to become loose and unfastened from the posts. . . . And that defendant was on said dates the owner of a certain grade bull and that said bull was of a roguish, mean and breachy disposition and that defendant was aware that said bull was mean and breachy and that no ordinary fence would enclose him, and that defendant permitted said .bull to run at large in his pasture adjoining plaintiff's and that said bull did trespass upon the premises of plaintiff by breaking through and over a defective portion of defendant's part of said partition fence."

It is apparent that there are not two causes of action alleged, or attempted to be alleged. The cause of action is that defendant maintained a defective and dilapidated fence on his part of the partition between the pastures, and that he turned his bull in his pasture, and that the animal passed through to plaintiff's side "by breaking through and over a defective portion of defendant's part of said partition fence." The allegation that the bull was "mean and breachy" is of no importance. The liability would have been the same if he had not had those characteristics. If one allows his portion of a partition fence to become rotten and the wires to become loose from the posts and his cattle go through such defective portion onto his adjoining neighbor, he is liable, and there is no necessity for showing anything more; and an effort to prove vicious propensities of the cattle as a cause for getting onto the neighbor, merely encumbers the case with foreign matter.

But plaintiff insists he should have been allowed to amend by so changing the petition as to set up a cause of action based on the vicious propensities of the bull. We think not. The law is that a statement before a justice of the peace may be amended on appeal to the circuit court, but no cause of action not intended to be

embraced in the original statement (section 4079, Revised Statutes 1899) can be added. And the original statement itself must show what was intended; since it would be impracticable to depend upon the mere assertion of the party desiring to make the amendment. [Gregory v. Railway, 20 Mo. App. 448; Evans v. Railway, 67 Mo. App. 255.] As stated by Judge BLAND in Brennan v. McMenamy, 78 Mo. App. 122, section 4077 providing that "the same cause of action and no other," that was tried before the justice, shall be tried before the appellate court upon the appeal, "should not be lost sight of, the two sections should be construed together and made to harmonize." It seems to be too clear for doubt, that the statement before the justice alleged, and only intended to allege, liability against defendant on account of his maintaining an improper fence through which the bull passed, and whereby he was enabled to harm the plaintiff. If another and distinct cause of action was intended to be stated, such intention is not disclosed.

It is claimed that on account of there being a former trial of this case in which the jury failed to agree, the case was tried without the objection being made which was relied upon by defendant at the trial from which this appeal was taken and that it is thereby waived. We have no means of knowing what objections there were at its former trial. They are not disclosed by the record. They are referred to by the plaintiff's attorney in arguing the objection to the statement to the trial court, but that is not a record statement that there were. It is only a record statement that the attorney said there were. This will not suffice. It also appears as one of the causes for new trial which is stated in plaintiff's motion. But that does not show it. It should appear in the bill of exceptions apart from the statement of the party in his motion. The statements in a motion are

not statements made by the record.   [See Harless v. Railway, 123 Mo. App. 22, 99 S. W. 793.]

Plaintiff argues at length the proposition that when advantage is sought to be taken of a pleading by objecting to receiving evidence under it on the ground that it did not state a cause of action every intendment should be taken in its favor, and that if it would support a judgment after verdict the objection should be overruled.   That proposition and the numerous authorities supporting it are not applicable to the record.   The petition in this cause did state a cause of action as we have above shown.   The objection made was not that it failed to state a cause of action, but that evidence of the bull being "breachy" was incompetent and immaterial; that is to say, did not apply to the charge of defendant maintaining an improper fence which was the action stated.

We find no error in the trial and hence affirm the judgment.   All concur.