**V. Lee McMAHON and Annetta L. McMahon, Plaintiffs-Appellants,**

v.

**CHARLES SCHULZE, INC., and Charles Schulze Motor Company, Inc., Defendants-Respondents.**

**No. 34218.**

Missouri Court of Appeals, St. Louis District, Division One.

July 18, 1972.

McMahon & Berger by Thomas M. Hanna, Clayton, for plaintiffs-appellants.

Holtkamp & Amelung by Robert A. Wulff, St. Louis, for defendants-respondents.

CLEMENS, Judge.

Plaintiff Lee McMahon had a $356.05 judgment in magistrate court based on negligent repair of an automobile. Defendant appealed and on a jury trial the circuit court directed a verdict for defendant. Plaintiffs[1] appeal from the adverse judgment.

■ The critical issue: When a plaintiff sues in magistrate court for negligent repair of an automobile, can he on appeal to the circuit court amend his petition to allege breach of warranty? We say no.

In the magistrate court Lee McMahon alleged defendant contracted to service and repair his car but did so negligently, requiring further repairs costing $356.05. On trial judgment went against defendant who appealed to the circuit court. There plaintiff Lee McMahon moved to add Annetta L. McMahon as a party, which motion was granted, and to amend the petition filed in the magistrate court by deleting the allegation of negligence and adding "in lieu thereof" allegations that after the original repair work had been done defendant warranted the car to be properly repaired, upon which warranty plaintiff relied, but that in fact defendant's work had been improperly done, causing the car to break down. The trial court denied the motion to amend and trial proceeded on the original negligence allegation.

■ At the close of plaintiffs' evidence, consisting wholly of Lee McMahon's testimony and several repair invoices, the trial court directed a verdict for defendant. We look first to the scope of our review.

Plaintiffs did not move for a new trial after the directed verdict and no "Point Relied On" in their brief falls within an exception to Rule 79.03[2] which requires such a motion to preserve alleged errors

1. In the circuit court Annetta L. McMahon, owner of the car, was added as a party-plaintiff.

2. Statutory references are to RSMo 1969, V.A.M.S., and rules refer to Rules of Civil Procedure, V.A.M.R.

for appellate review. An erroneously directed verdict is an error which must be raised in a motion for new trial to be preserved for review. C & O Distributing Company v. Milner Hotels, Mo.App., 305 S.W.2d 737 [1, 2]. If we are to review plaintiffs' alleged errors we can do so only under the plain error rule, Rule 79.04. In considering this rule in a directed verdict case, the supreme court said "if plaintiff made a submissible case it would be a plain error affecting substantial rights and a manifest injustice for the court to direct a verdict against plaintiff. . . ." Williams v. Southern Pacific Railroad Company, Mo., 338 S.W.2d 882 [4]. We examine the evidence to determine if plaintiffs did make a submissible case.

Before reaching that question we must determine if it was "plain error" to disallow the plaintiffs' proposed amendment to allege breach of warranty. We hold it was not. The relevant statutes are §§ 512.280 and 512.300. "The same cause of action, and no other, that was tried before the magistrate, shall be tried before the appellate court upon the appeal; provided, that new parties, plaintiff or defendant, . . . may be added . . . ." and "in all cases of appeal, the bill of items of the account sued on or filed as a counterclaim or set-off . . . may be amended upon appeal in the appellate court to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment. . . ." Plaintiffs contend the proposed amendments raise no new "cause of action" within the meaning of these sections; defendant claims they do.

We consider the meaning of "cause of action" within the context and purpose of §§ 512.280 and 512.300. These statutes insure fair notice to adverse parties by the original petition of all issues sought to be litigated and insure the order-

ly administration of justice by refusing to allow new claims to be heard for the first time on appeal. A case will not be heard on appeal on a theory different from that on which it was tried below. Snyder v. Gericke, 101 Mo.App. 647, 74 S.W. 377 [4]. Amendments are allowed by the statute only "to supply any deficiency or omission" in the original statement, not to inject a "new item or cause of action not embraced or intended to be included in the original account or statement." See Gregory v. Wabash, St. Louis and Pennsylvania Railway Company, 20 Mo.App. 448, and Evans v. St. Louis and Santa Fe Railway Company, 67 Mo.App. 255.

In Riddle v. Foreman, Mo.App., 178 S. W. 227, plaintiff sought recovery in a justice court for money had and received and properly was not allowed to amend in the circuit court by adding a clause for goods sold and delivered, even though both the original claim and the amendment were based on the same account. See also Engle v. Ferrell, 126 Mo.App. 577, 105 S.W. 23, where plaintiff sued in a justice court on the theory defendant had not maintained a proper fence, allowing defendant's bull to impregnate plaintiff's heifers. On appeal the circuit court properly denied a proposed amendment alleging the defendant knowingly kept a mean and breachy bull. This, since the latter was not the same cause of action tried in the justice court.

Applying this rule it is clear the amendments permitted are those which merely amplify, clarify, or perfect issues or claims set out in the original petition. Plaintiffs' proffered amendment is not a clarification or perfection; it is a substitution. Note the language "in lieu thereof" in the proposed amendment. The issues involved in negligence and in breach of warranty may overlap but they are not congruent. The trial court did not commit plain error in refusing to allow the amendment, and we will review the sufficiency of the evidence only with respect to the original petition pleading defendant's negligence.

The car in question was owned by Annetta McMahon, wife of the original plaintiff, Lee McMahon. She had bought it from defendant who serviced it on several occasions. On June 8, 1967 Lee McMahon delivered the car to defendant and ordered certain work including periodic checkup, oil change, lubrication and the correction of a sticking accelerator. He got the car later and the work was charged.

A week later the car broke down; Lee McMahon had it towed to defendant's shop. He told the service manager the car had "frozen up" and claimed this was due to improper servicing; he said he expected defendant to bear the cost of repairs. When McMahon returned to get the car he was required to pay $356.05 before defendant would release it. Plaintiffs offered to prove by Lee McMahon that defendant's service manager admitted the company's faulty workmanship and liability.

The evidence on the issue of negligence in the circuit court was briefly this: Plaintiffs called one witness—Lee McMahon—who testified he had taken the car to the shop for certain work; his wife had told him over the phone a week later something was wrong with the car; he went to the shop and told a service manager he thought the defendant should bear the cost and when he went to get the car defendant asserted its mechanic's lien rights and forced him to pay cash. There was disputed hearsay testimony—allowed for purposes other than the truth of the assertions of negligence therein—that McMahons' daughter's boy friend had looked at the car after it broke down, concluding the problem was caused by defendant's negligence and when McMahon confronted him, the service manager agreed the motor company should bear the cost.

 We conclude plaintiffs did not make a submissible case of negligence. They ask us to jump from the fact that certain work was done by defendant to the fact that something went wrong with the car a week later requiring repairs and to allow a jury to decide whether the defendant was negligent. Plaintiffs offered no evidence other than a personal conclusion the original work was performed negligently. They offered no evidence apart from these conclusions that such purported negligence proximately caused the malfunctioning which required subsequent repairs. The direction of the verdict was not plain error.

Judgment affirmed.

BRADY, C. J., and WEIER, J., concur.