ST. LUKE'S HOSPITAL OF KANSAS CITY, Respondent,

v.

**Gerald W. MAY, Appellant.**

No. 30304.

Missouri Court of Appeals, Western District.

Oct. 1, 1979.

Robert B. Wurdack, Independence, for appellant.

Michael R. Roser, Kansas City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from trial court judgment for monies claimed due for hospital services. Motion for new trial filed and overruled.

Review of this case is made pursuant to Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Since this was a court tried case, both the facts and law are subject to the scrutiny of this court. A brief recital of the facts is necessary for disposition of the matter.

On March 31, 1975, appellant was involved in a traffic accident. He was removed from the scene and taken to respondent hospital. It was determined appellant sustained a dislocated hip and abrasions. He remained at respondent hospital until discharged on April 27, 1975.

Appellant was contacted later about the claimed indebtedness for services in the sum of $2,885.83 and appellant refused to pay. This action followed. The petition was in multiple counts of account stated and action on account. The proceedings were initiated in the Magistrate Court, which found for appellant. An appeal was taken to the circuit court, which found for respondent. Upon the trial court's judgment, no request was made for findings of fact or conclusions of law and there are no such findings or conclusions of record. Appellant proceeded with this direct appeal, alleging the trial court erred in permitting respondent to try a different cause of action, other than that tried before the Magistrate, in the Circuit Court. Appellant also alleged the court erred in finding that appellant promised and agreed to pay for

services rendered because there was no evidence on that issue; the court erred in finding appellant received services at his special instance because there was no evidence on such issue and finally, the court erred in finding the charges for such services were fair and reasonable because of the failure of proof.

Respondent introduced various documents, including the billing for the services. Harry I. Fransen, an employee of respondent's for some eleven years and who, at the time of trial was respondent's accounts manager, testified. Appellant offered only respondent's corporate certification, verified by the Secretary of State.

Subsequent to the action by the Magistrate and on the morning of trial, respondent requested and was granted leave to amend its petition to delete one paragraph thereof. This resulted in the abandonment of the claim for an account stated.

The first point of error alleged goes to the amended petition. Appellant contends the action by the trial court permitted respondent to proceed on a different cause of action. In support of this question, appellant cites *McMahon v. Charles Schulze, Inc.,* 483 S.W.2d 666 (Mo.App.1972); *Snyder v. Gericke,* 101 Mo.App. 647, 74 S.W. 377 (1903); *Evans v. St. Louis and San Francisco Railway Co.,* 67 Mo.App. 255 (1896) and § 512.280, RSMo 1969.[1]

§ 512.280 reads as follows:

"512.280. Same cause of action to be tried in appeal cases.—The same cause of action, and no other, that was tried before the magistrate, shall be tried before the appellate court upon the appeal; provided, that new parties, plaintiff or defendant, necessary to a complete determination of the cause of action, may be added in the appellate court." [2]

In rebuttal of appellant's argument that the permission of the trial court allowed respondent to amend its petition, thus violating § 512.280, respondent cites for the court § 512.300, which reads as follows:

"512.300. Statement of account amended, when.—In all cases of appeal, the bill of items of the account sued on or filed as a counterclaim or setoff, or the statement of the plaintiff's cause of action, or of defendant's counterclaim or setoff, or other ground of defense filed before the magistrate, may be amended upon appeal in the appellate court to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment. Such amendment shall be allowed upon such terms as to costs as the court may deem just and proper." [3]

■ As to point one, relative to § 512.280 from appellant's view, or § 512.300 from respondent's point of view, neither statuto-

---

1. All statute references are to RSMo 1969 except where otherwise indicated.

2. In 1978, the legislature revised this section and it reads as follows, "The same cause of action, and no other, that was tried before the associate circuit judge, shall be tried before the judge upon the trial de novo; provided, that new parties, plaintiff or defendant, necessary to a complete determination of the cause of action, may be added in the trial de novo." This revision was not one of substance, but a designation of proper title of the associate circuit judge corrected the procedural reference of removal of causes of action from the associate circuit judge (formerly magistrate) to the Circuit Court as trial de novo as opposed to appeal. The revision is not controlling herein, but is included for purposes of clarification of the changes effected.

3. In 1978, § 512.300, RSMo 1969 was revised by the legislature to read as follows, "In all cases of an application for trial de novo, the bill of items of the account sued on or filed as a counterclaim or setoff, or the statement of the plaintiff's cause of action, or of defendant's counterclaim or setoff, or other ground of defense filed before the associate circuit judge, may be amended upon a trial de novo to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment. Such amendment shall be allowed upon such terms as to costs as the court may deem just and proper."

ry reference is dispositive of the alleged error. These pertinent statutory sections, prohibitive in nature, simply proscribe the practice that a moving party cannot gain advantage of his opponent by substitution of claims. In other words, § 512.280 prohibits trial on one claim and the substitution of another claim upon retrial. § 512.300 is prohibitive in a limited sense, but permits discretion to the trial court for amendment when justice demands it upon actions for account stated. As these statutes relate to the case at hand, neither reaches the action by the trial court and neither serves as a basis to support the allegation of error by the trial court. The simple reason is that the initial petition sounded in account stated and on account. These are separate and distinct causes of action filed against appellant to which he filed his answer.

When the court permitted the amendment, which amounted to a deletion of one cause of action, respondent, from that point on, was prohibited from pursuing that alleged cause of action. The situation would be analogous if the amendment had not been granted and the evidence simply failed to sustain the alleged cause of action. Logic mandates the posture of the respective parties on that particular issue would have remained the same.

This court is not persuaded by case authority cited by appellant. Those cases cited are clearly distinguishable. In *McMahon v. Charles Schulze, Inc., supra,* substitution of a claim for negligence in lieu of a claim for warranty was correctly prohibited, but that cause is not analogous to the facts of the case herein. *Snyder v. Gericke, supra* is clearly not controlling because it involved an action on a note by a minor, and amendment of the pleadings was not an issue. Finally, *Evans v. St. Louis and San Francisco Railway Co., supra,* permitted an amendment which did not change the original claim for the alleged wrongful killing of livestock. The action by the trial court did not provide for a new cause of action or the substitution of a cause of action. Such action did not misinterpret or misapply the law.

Point one is ruled against appellant. It must be so, whether the courts choose to apply § 512.300, which could be done by different construction, or by concluding from the evidence of record no substitution of a cause of action occurred. The evidence herein clearly establishes no substitution of a cause of action occurred.

Points two and three, for purposes herein, are taken up together because they address the same basic question of whether appellant promised, agreed to and at his special instance and request, received medical services from respondent.

As has been pointed out, the record reflects no request for findings of fact and conclusions of law. Thus, does this mean this court can require or is required to wander aimlessly through the seas of uncertainty in search of a conclusion? Obviously, it does not, for Rule 73.01 directs what shall be done in such an instance. For a better understanding, see *S. G. Adams, etc. v. Central Hardware Co.,* 572 S.W.2d 625 (Mo.App. 1978) wherein the court, referring to Rule 73.01, at pages 627–628 declared:

"Additionally, we are not presented here with findings of facts or conclusions of law. Neither party requested these be made by the trial court. And when an appellate court is confronted with a record in which no findings of fact of conclusions of law were filed and none were requested, all fact issues are to be deemed found in accordance with the results reached. The judgment is to be affirmed under any reasonable theory supported by the evidence. *De Paul Hospital School of Nursing, Inc. v. Southwestern Bell Telephone Company,* 539 S.W.2d 542, 545[1] (Mo.App.1976). The appellate court is also obliged to accept as true the evidence and permissible inferences which may be drawn, favorable to the prevailing party, and to disregard the contradictory testimony."

█ Thus, armed with this principle, the soundness of which cannot be justifiably challenged, application to the facts herein leads to the conclusion that appellant must fail on points two and three. The facts in

the record establish appellant was injured in a traffic accident, removed from the scene to respondent hospital, received care and treatment for approximately 27 days, offered no complaint to respondent relative to services or billing and received notice and demand of payment for the services.

Appellant offered no evidence to contradict an agreement to pay for these services and this court is required to look at the facts in evidence, apply the rule enunciated in *S. G. Adams, etc. v. Central Hardware Co., supra* and form its opinion. When these elements are drawn together, the conclusion is inescapable that the proper inference is that appellant requested the services and agreed to pay for the services.

While no authority appears to exist as it applies directly to hospital services, the broad general principle is to be found in 98 C.J.S. Work & Labor § 11c (1957), which declares,

"The request for performance of services which is ordinarily essential to the right of recovery, as discussed supra subdivision a of this section, may be inferred from circumstances, as where one accepts and retains the beneficial results of another's services. The rule, as generally stated, is that, in the absence of family relationship, where one furnishes beneficial services or materials to another, the law ordinarily presumes a request and a promise to pay what such services are reasonably worth, unless it is understood that they were to be rendered gratuitously, or unless they were rendered under circumstances which repel this presumption; and, where one stands by while another renders services beneficial to him, and knows that the services are being rendered in the expectation of receiving payment from him, a request for the rendering of the services may, in the absence of circumstances to the contrary, be implied from such facts."

■ It is the opinion of this court in this case and under the facts as presented herein, in finding no valid reason why the above-referred-to principle should not apply to hospital services, that said principle does apply to services rendered for hospital treatment.

As stated in this principle, the implied request, however, is not absolute. Only upon a failure of proper evidence, as with the case herein, to sufficiently rebut the implied request, does the principle become applicable.

The final point of error alleged by appellant directs itself to the charge that the trial court erred in finding that the charges claimed against appellant were fair and reasonable.

■ Remembering Rule 73.01 and the interpretation under *S. G. Adams, etc. v. Central Hardware Co., supra,* the facts in evidence on this point must be considered. The only evidence on this issue was the testimony of witness Fransen. He was the accounts manager with eleven years of experience of hospitalization management experience. He presented to the court the account records of appellant. These were properly admitted into evidence as part of the business records of respondent.

■ Appellant's contention that proof of the charges for services failed to establish that they were fair and reasonable appears predicated upon witness Fransen's not being a medical expert. This does not relate to the admissibility of his testimony but goes to its weight and sufficiency, which is a matter to be determined by the trial court. Unless it appears from the record that judgment is wrong, the judgment of the trial court is not to be overturned on the issues of the weight of the evidence. *Murphy v. Carron, supra.*

Appellant offered (and the same was admitted into evidence) the corporate certification of respondent. It is not absolutely clear how the intended offer of proof was relevant to the issues, but the court permitted appellant's counsel to read the portion of declared corporate purpose regarding respondent's charitable intent as a hospital. It can only be inferred that such was offered to prove that the services provided appellant were provided on the basis of charity and gratuity.

While admission of such evidence is within the discretion of the trial court as to its relevancy and materiality, this court would be remiss if it failed to clarify that such evidence falls quite short as sufficient proof that hospital services rendered to an injured person are so provided and rendered upon an implied premise of charity or gratuity.

Witness Fransen was a competent witness to present the account of appellant. His lack of medical expertise did not disqualify him as a witness as that testimony related to the fairness and reasonableness of charges for services rendered. His lack of medical expertise went to the weight and sufficiency of his testimony and was properly ruled upon by the trial court. Our system provides for liberal construction of who may be considered an expert witness within the sound discretion of the trial court. The evidence herein was uncontradicted that witness Fransen had 11 years of experience in hospital service charges and management. The trial court was made aware of that experience. That the trial court is invested with a certain amount of discretion in the admission of opinion evidence, see *Schroeck v. Terminal Railroad Ass'n of St. Louis*, 305 S.W.2d 18 (Mo.1957); that such discretion is reviewable if manifestly erroneous, see *Ackelson v. Brown*, 264 F.2d 543 (8th Cir. 1959).

The record reflects no abuse of discretion and no manifest error by the trial court in the admission of the testimony of witness Fransen. Point four is ruled against appellant.

For the reasons set forth herein, the judgment of the trial court is in all respects affirmed.

All concur.