**Gary Robert SCOTT, Appellant,**

v.

**Tracy D. SCOTT, Respondent.**

**No. WD 31584.**

Missouri Court of Appeals,
Western District.

Feb. 2, 1981.

Carl D. Gum and Charles M. Stinger, Belton, for appellant.

S. Preston Williams and Thomas E. Barzee, Jr., North Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Appellant husband moved for modification of a dissolution decree seeking a transfer of custody to him of the minor child born of the marriage. The trial court, after hearing, denied the motion and the husband appeals.

Appellant advances two points. He first contends that the judgment was erroneous because substantial evidence showed the child's mother, to be an unfit custodian and the best interests of the child required a change of custody. Second, he argues that the court erred in excluding opinion evidence as to the wife's state of mental health. Affirmed.

The parties were married in August 1976. The marriage was dissolved by a decree entered in January 1978. A settlement agreement incorporated in the judgment placed custody of the parties' son, then eleven months old, in the wife with reasonable visitation, including specified hours on Sundays, provided for the husband.

The modification motion was filed in June 1979. It alleged that since the dissolution, the wife had engaged in immoral conduct and had failed to care for the child, abandoning the physical and financial responsibility to her parents. At the evidentiary hearing, testimony of the husband and his supporting witnesses detailed incidents of the wife's unconventional behavior, some acknowledged by the wife and attributed by her to emotional stress from the breakdown of the marriage. It was established that the child was frequently left in the care of the wife's parents, often for extended periods while the wife pursued her own interests and pleasure. Questions of fact as to particular events on which the evidence conflicted were overshadowed by the acknowledged absence of any custody alternative which would not give de facto responsibility for the child to the maternal or paternal grandparents.

In its oral findings from the bench, the trial court noted with disapproval the crude and immoral conduct of the wife, but also observed that none of these activities had occurred in the presence of the child. No actual mistreatment of the child had been shown and the wife's neglect had not demonstrably affected the child adversely in large measure no doubt because of the supportive care by the wife's parents. In sum, the trial court concluded that the child's best interests would not be served by a change in custody to the husband because the result would merely be a reassignment of the major responsibility to the husband's parents for daily care while the husband attended his employment.

■ In this as in any court-tried case, appellate review is circumscribed by the oft repeated precepts of *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). The reviewing court must have a firm conviction that the judgment was wrong before directing a different result. Deference must be accorded the trial court on questions of fact and

conclusions reached which depend on the unique opportunity of the trial judge to observe the demeanor of the witness and evaluate their credibility. *In re Marriage of R.R.*, 575 S.W.2d 766 (Mo.App.1978); *In re Marriage of Roedel*, 550 S.W.2d 208 (Mo. App.1977). In a custody modification dispute, the decision of the trial court should not be disturbed unless the best interests of the child require a different disposition. *Korn v. Korn*, 584 S.W.2d 179 (Mo.App. 1979).

■ Under § 452.410, RSMo 1978, a prior custody decree is to be modified only upon a showing that circumstances have changed since the decree was entered and that the modification is necessary to serve the best interests of the child. The trial court concluded here that a custody change was not necessary because events since the dissolution decree was entered did not persuade the court that a change would advance the best interests of the child. While the issue is not free from doubt, a usual circumstance in such cases, we cannot say that this judgment was wrong. The trial court was in a better position to evaluate the relevant factors and we defer to that decision.

As his second point, appellant argues that the trial court was in error when it excluded proffered testimony as to the wife's mental condition and her need for psychiatric help. The objections to this testimony were made and sustained when the husband was asked if in his opinion the wife was in need of any psychiatric help and when an acquaintance of the wife was asked essentially the same question. Appellant contends that the line of inquiry was proper and should have been permitted under § 452.375(5), RSMo 1978, which requires the trial court to consider in custody matters the mental health of all individuals involved.

Both witnesses were questioned and were permitted to testify freely as to incidents of the wife's conduct. Neither, however, had any professional training or experience in the field of mental illness or the treatment and care of mental disorders and no attempt was made to qualify either as possessed of any expertise beyond the common experience of lay persons generally. Notably, the questions put to each witness did not call for opinions as to whether the wife's conduct was unusual compared either to her former behavior or to that of persons in the common circle of acquaintance, but asked a forecast of prospective need for or benefit to be expected from professional care.

■ The trial court is invested with discretion to determine whether a witness is qualified to give opinion evidence. *St. Luke's Hospital v. May*, 588 S.W.2d 217 (Mo.App.1979); *Schroeck v. Terminal Railroad Assn. of St. Louis*, 305 S.W.2d 18 (Mo. 1957). Opinions which witnesses form from observed facts are competent evidence only where it is impossible or impracticable to place the facts before the jury in such a way that the jury may draw its own conclusion from the facts. *Brown v. Kroger Co.*, 358 S.W.2d 429 (Mo.App.1962); *Kennedy v. Union Electric Co. of Missouri*, 358 Mo. 504, 216 S.W.2d 756 (banc 1948).

■ The court as the fact finder in this case was as well qualified as the husband and his witness to evaluate the state of the wife's mental health from the evidence of her actions and behavior. The witnesses were unqualified to give authoritative opinions on either the need of the wife for treatment or the state of her mental health and their testimony was properly confined to relating their observations of her conduct.

The judgment overruling the motion to modify the custody award is affirmed.

All concur.