## TOWN OF CANTON, Appellant, v. MADDEN, Respondent.

St. Louis Court of Appeals, July 9, 1906.

1. **EVIDENCE: Municipal Ordinances: Judicial Notice.** The courts of this State cannot take judicial notice of municipal ordinances; their existence and contents must be proved in a case on trial like any other fact sought to be established.

2. ———: ———: **Penalty.** On the trial of a defendant charged with the violation of an ordinance which defined a misdemeanor, but affixed no penalty for its violation, where no ordinance

was introduced in evidence prescribing a penalty for the commission of the misdemeanor, there was a failure of proof and a verdict of acquittal was properly directed.

Appeal from Lewis Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*C. M. Ewalt* and *R. W. Ray* for appellant.

Authorized ordinances, duly enacted, have the force and effect of laws. Railroad v. Railroad, 105 Mo. 575; Jackson v. Railroad, 118 Mo. 199. Where a statute makes no exceptions the courts can make none. Endlich on Int. of Stat., sec. 17, p. 23; Kilpatrick v. Byrne, 25 Miss. 57; Richardson v. Harrison, 36 Mo. 96, at 101; Fairbanks v. Long, 91 Mo. 636; State v. Whitaker, 33 Mo. 458.

*O. C. Clay* and *Geo. Ellison* for respondent.

STATEMENT.—This suit originated in the recorder's court in the town of Canton. The defendant was charged with having unlawfully fired off and discharged a shotgun within the corporate limits of said town on July 11, 1904, without having the written permission of the mayor so to do, and in violation of section 38 of chapter 4 of the Revised Ordinances of the town of Canton. A trial by jury was had in the recorder's court and the defendant acquitted. The case found its way into the circuit court, and upon a trial *de novo,* the plaintiff introduced the following section of the ordinance which it is alleged the defendant violated:

"Whoever shall, in this town, fire or discharge any cannon, musket, rifle, pistol, revolver, fowling piece, or gun of any description, or anvil (without written permission from the mayor, which permission shall limit the time of such firing and shall be subject to be revoked by the mayor or board of trustees at any time), shall be deemed guilty of a misdemeanor."

It will be observed that there is no provision in this section with respect to the penalty incurred by one violating its provisions. There was no ordinance introduced at the trial providing a penalty for the commission of the act herein complained of. The further facts in proof were uncontroverted, to the effect that the defendant occupies a small property within the limits and adjacent to the outskirts of said town. He follows the avocation of gardener and had set out and then had growing thereon, a large number of cabbage plants. The rabbits in the neighborhood were daily feeding upon and destroying said plants. The defendant applied to the mayor of the town for permission to shoot and kill such rabbits as were found so destroying his cabbage plants, and the mayor verbally granted the request. He failed to reduce his permission in that behalf to writing, however, as contemplated by the ordinance quoted. It was shown that on the day mentioned, the defendant, acting in good faith on such verbal permission from the mayor, shot a rabbit on his premises while in the act of destroying his cabbage plants in the garden.

At the conclusion of all the evidence, the court peremptorily instructed the jury to find the defendant not guilty. Plaintiff appeals.

NORTONI, J. (after stating the facts.)—1. It seems that the trial court was justified in peremptorily directing the defendant's acquittal on the uncontroverted facts in proof. In the first place, the ordinance, as attempted to be enforced here would be violative of the spirit of our Constitution and the fundamental principles of the common law. This is manifested from the following reservations of right to the citizen which are not delegated to the State. It is provided in our bill of rights:

First. Section four of article two of the Constitution of Missouri of 1875, provides: "That all persons

have a natural right to life, liberty and the enjoyment of the gains of their own industry."

Second. Section thirty of article two of the Constitution of Missouri, provides: "That no person shall be deprived of life, liberty or property without due process of law." The right to have and enjoy the fruits of one's own industry, is recognized and reserved to the citizen as a natural and inalienable privilege and no authority is delegated to the State by him to deny this sacred privilege, and it follows as a necessary corollary that the citizen has the same natural right to use whatever force, and no more, to protect that property from total destruction as may appear reasonably necessary to one acting in good faith. [Reed v. Goldneck, 112 Mo. App. 310; 86 S. W. 1104.]

Third. Section seventeen of article two of the Constitution of Missouri provides as follows: "That the right of no citizen to keep and bear arms in defense of his home, person or property . . . shall be called into question." Now it must be conceded if the citizen has reserved to himself the right to bear arms in defense of his home, person or property, he also has reserved the right to effectuate that privilege by employing such arms under the established limitations of the law, when a proper occasion presents itself and renders such employment imperative in order to give life and vigor to this natural right, for the right to bear arms in defense of one's property, his home or his person, would amount to naught if the rights to use such arms under proper circumstances, were denied. While under the theory of our organic law, the right of the citizen to bear arms in defense of his home and property is identical with that to defend his person, it is true that the right to employ such arms in defense of either home or property is not of that same high and sacred order as the right to defend his person, nevertheless such rights are analogous and nearly allied, as is manifest by the spirit

of the Constitution, and under proper circumstances, the right to employ arms to protect property may become of the very highest order. Suppose the defendant had been personally assaulted by another on the streets of Canton with a knife or gun or other deadly weapon under such circumstances as to greatly endanger his life or render him liable to great personal injury. Would he not have had the right, notwithstanding the ordinance in question, under such circumstances, to defend his, life or person by firing a gun without first having obtained written permission from the mayor so to do? Or suppose desperadoes had assaulted his home with the manifest purpose to destroy and demolish it. Would he be held to have violated the ordinance because, forsooth, he availed himself of his natural and constitutional right to defend his home by employing such force as is necessary, and no more, even to the extent of discharging fire arms against such invasion without the written permission of the mayor? These are questions which suggest themselves to our minds as being conclusive of the entire proposition involved in the record before us. They are broad and sound considerations which amply support and justify the action of the learned  trial judge in peremptorily directing the defendant's discharge. It may be and no doubt is true that the defendant could not justify the discharge of fire arms against an intruding horse or cow or other domestic animal trespassing upon and destroying his garden, for the reason that such would no doubt have been the employment of more force than was reasonably necessary for the purpose, and further, there would no doubt be in such conduct a wanton disregard of the property rights of others inasmuch as domestic animals are property. But the principle has no application to the case of a wild animal, such as that involved here. It is, of course, a matter of common knowledge that rabbits as wild animals, are capable of doing immeasurable and

irreparable injury to growing vegetation in the gardens, and that the only effectual manner in which to relieve such invasion of private rights is the slaughter of the animals. The case may be likened to that of wild animals, such as wolves, entering upon premises and destroying sheep, or foxes destroying chickens. In either of the cases mentioned, the slaughter of the intruding animals by the use of firearms is not an exercise of more force than is reasonably necessary under the circumstances, nor is it an invasion of the property rights of others, as such animals are without private ownership.

What has been said on this feature of the case is in the nature of suggestions only, as tending to support the judgment of the learned trial court upon the theory that the ordinance, insofar as its attempted enforcement on the facts in proof, was violative of the constitutional rights of the defendant. Inasmuch as this court is without authority to adjudicate constitutional questions, however, the considerations suggested are not decided, nor will the judgment of the court be rested thereon. The questions are only discussed. From other considerations, the judgment of the trial court must be affiremed.

2. It is well settled that the State courts cannot take judicial cognizance of municipal ordinances and regulations. Their existence and contents must be proved in a case on trial therein as other facts are established. [City of St. Louis v. Roche, 128 Mo. 541.] Therefore, it devolved upon the plaintiff to show by proof not only that the town of Canton had provided and levelled the ordinance against the discharge of fire arms within said town without written permission of the mayor, but it devolved upon it as well to show by competent proof, which was the ordinance itself, what penalty it had provided for such offenses, otherwise the court would be at a loss to affix a punishment in pursuance of the ordinances of the town had conviction been had thereunder. Although plaintiff had charged

and specified in its information certain penalties for the violation of the ordinance mentioned, it wholly failed to introduce its ordinance, if it had such, providing what penalty the town authorities had prescribed for the commission of this or any other misdemeanor. Without such, there was a total failure of proof, essential to support a valid judgment in the case, and the learned trial judge very properly so declared as a matter of law.

The judgment will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur. The latter in paragraph 2.