KANSAS CITY, Appellant, v. SELLS-FLOTO SHOWS COMPANY, Respondent.

Kansas City Court of Appeals, May 26, 1919.

MUNICIPAL CORPORATION: Violation or Ordinance: Defective Information. Where an ordinance requires a circus to secure a license before an exhibition is authorized and imposes a fine for a violation thereof, an information based on such ordinance charging that defendant exhibited his circus "without first having fully paid the license fee" is defective, as the gist of the action is the failure to procure a license, not the failure to fully pay for one.

Appeal from Jackson Criminal Court.—*Hon. R. S. Latshaw,* Judge.

AFFIRMED.

*E. M. Harber* and *A. F. Smith* for appellant.

*Frank H. Lowe* for respondent.

TRIMBLE, J.—The plaintiff city instituted a prosecution against defendant in the municipal court for a violation of a city ordinance in relation to the licensing of circuses. The summons which was issued and served on defendant described it as "The Sells-Floto Shows Company, *a corporation*," though the information did not say whether defendant was a corporation or not. The defendant entered its appearance in the municipal court, signed a recognizance, appeared by counsel on that day, pleaded not guilty, was fined $500 and appealed to the Criminal Court of Jackson county where defendant took a change of venue from Division 1 to Division 2 thereof.

Thereupon defendant, describing itself as "The Sells-Floto Shows Company, a Colorado Corporation," filed a plea in abatement on the ground that the corporation was "no longer in existence as a circus the same having been sold under a chattel mortgage." This plea was overruled.

A trial by jury was had, the defendant objecting to the introduction of any testimony on the ground of the insufficiency of the information; and at the close of all the evidence the defendant demurred, but was overruled. The case was submitted to the jury which returned a verdict of guilty, assessing a fine of $250. Defendant's motion for a new trial was sustained "on the ground that the court erred in not sustaining defendant's demurrer and for the reason that the information was invalid and of no force and effect." From the order sustaining the motion for new trial, the city has appealed.

Kansas City has an ordinance which requires every person, copartnership, association or corporation before exhibiting in the city any circus, trained animal show menagerie, wild west show, or any combination of them, to obtain a license authorizing the exhibition thereof. This ordinance, in Subdivision A. of Section 1, fixed the license charge at $400 for the first day

and $100 for each succeeding day for all circuses "where the general admission fee charged for adults, exclusive of reserved seats, is fifty cents." By Subdivision B of said Section the license charge was fixed at $175 for the first day and $75 for each succeeding day for all shows "where the general admission fee charged for adults, exclusive of reserved seats, is less than fifty cents, and the seating capacity of such show is more than five thousand." Section 7 of said ordinance provided a fine of not less than $1 nor more than $500 for violation of the ordinance.

It seems that in the middle of June, the defendant's advance agent obtained and paid for a license for a show charging twenty-five cents general admission for adults the exhibition to be given July 4 and 5, 1915, and paid therefor the amount required of a show charging such admission fee, to-wit, $175 for the first and $75 for the second day, or $250 in all. At that time, and until the show reached Kansas City on July 3, it was charging twenty-five cents general admission, but when it got to Kansas City the price of general admission was raised to fifty cents for adults, and this was charged for the two days the show was exhibited. So that what defendant did was to exhibit a fifty cent show under a license for a twenty-five cent one. In other words, the defendant exhibited a show charging fifty cents general admission without any license for that kind of a show.

The information charged that the defendant, on or about the 3rd and 4th days of July, 1915, within the proper corporate and territorial limits, "did then and there unlawfully exhibit a circus where the general admission fee charged for adults, exclusive of reserve seats, was fifty cents, *without first having fully paid the license fee required* by Subdivision A of Section 1," etc.

The offense created by the city ordinance in relation to the licensing of shows and circuses is the exhibition thereof without a license. It is the exhibi-

tion without a license that incurs the penalty and is the offense the ordinance is aimed at. Now if a show, calling for one kind of a license, exhibits under a license which does not apply to it, it is the same as if the exhibitor had no license at all, just as much so as if a dramshop keeper should undertake to keep a dramshop under a grocer's or billiard table license. But the information herein does not charge that the exhibitor had no license. On the contrary, the implication arising from the language of the information is that a license of the proper kind had been obtained and issued and was partly paid for but that there was a balance yet due the city. The prosecution, however, is not a proceeding to recover the balance of a debt due on the license fee, it is seeking to impose a fine as a penalty for violating the ordinance. It is no doubt true that the same strictness is not required in a prosecution under a city ordinance as in a criminal case since the former is in the nature of a civil action. But this does not mean that an imperfection which omits the very gist of the action can be overlooked. [Lacrosse Lumber Co. v. Chicago and Alton R. Co., 197 Mo. App. 546, 551.] And unquestionably the gist of the offense aimed at by the ordinance is the exhibiting of the show without the proper license, even if the ordinance does say in specifying the amount of the licenses, that the exhibitor shall pay the fees for the different licenses required. It is not the failure to pay for the license that brings down the penalty but the exhibition without the license. The information certainly does not state that an exhibition was given without a license but rather implies that the license was issued, and for this reason it fails to state any cause of action. This is a defect that can be taken advantage of at any time and no statute or subsequent amendment can aid the judgment. [Morx, etc., Clothing Co. v. Watson, 168 Mo. 133, 143; Bateson v. Clark, 37 Mo. 31, 34; Lacrosse Lumber Co. v. Chicago & Alton R. Co., supra.]

It is urged that even if the information is defective the court should permit its amendment under the provisions of an ordinance of the city alleged to authorize such procedure. There was no request to the trial court anywhere to be allowed to amend; and there is no ordinance anywhere in the record authorizing an amendment after verdict. The courts do not take judicial notice of city ordinances. [St. Louis v. Rock, 128 Mo. 541, 544.] Hence, even if a city ordinance could be regarded as authorizing us to convict the trial court of error notwithstanding no opportunity was given it to correct its own errors, still we cannot examine such ordinance since it is not in the record. Our view that the information completely fails to state any cause of action loads to an affirmance of the trial court's judgment, and makes it unnecessary for us to pass upon the other questions raised, among which is whether the ordinance on which the prosecution is based is void as being unreasonable and oppressive.

The judgment is affirmed. All concur.