(94 South. 294)

**COMMONWEALTH LIFE INS. CO. v. REILLY.** (6 Div. 634.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. **Appeal and error ⟨⟩1012(1)—Finding by court on oral evidence not disturbed unless contrary to great weight of evidence.**

In a case tried by the court without a jury, where the evidence is ore tenus, or partly so, the court's conclusion on the facts is like the verdict of a jury, and will not be disturbed by the Supreme Court unless contrary to the great weight of the evidence.

2. **Evidence ⟨⟩473—Statement of amount due under dealings admissible as collective fact.**

In an action for work and labor, there was no error in permitting plaintiff to state as a fact what was due him under his dealings with defendant subject to cross-examination, this being a collective fact.

**3. Evidence** ☞536—Experienced insurance man properly permitted to testify to meaning of technical terms or phrases.

In an action against an insurance company, for work and labor, there was no error in permitting plaintiff, an experienced insurance man, to define or explain technical terms or phrases used in letters and their meaning as used in insurance parlance.

**4. Appeal and error** ☞681—Propriety of amendment of bill of particulars which is not in the bill of exceptions not determined.

The Supreme Court cannot determine whether or not an amendment of a bill of particulars was permissible, where the bill of exceptions contains no bill of particulars.

**5. Appeal and error** ☞714(4)—Statement by counsel to reporter to note certain facts as to bill of particulars held not proof of bill or its contents.

Where no bill of particulars was contained in the bill of exceptions, an unsworn statement by appellant's counsel to the reporter, to note certain dates or facts as to a bill of particulars, was not proof of the bill of particulars or of its contents.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action by J. C. Reilly against the Commonwealth Life Insurance Company, on the common counts, and for work and labor done. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Thompson & Thompson, of Birmingham, for appellant.

Witnesses are required to state facts, and not their conclusions. 199 Ala. 177, 74 South. 246. When an amendment to a bill of particulars is permitted during the trial, over objection of defendant, it is reversible error. Code 1907, § 5226; 30 South. 630; 32 Ala. 27; 95 Ala. 626, 11 South. 67. The construction of a written contract upon which suit is brought is the province of the court, unaided by the testimony of witnesses.

Wood & Pritchard, of Birmingham, for appellee.

The statement of a witness that another was indebted to. him is admissible in evidence as a collective fact. 39 South. 615; 200 Ala. 619, 76 South. 977. A bill of particulars is not a part of the record, unless made so by the bill of exceptions; and, when not so presented, it cannot be considered on appeal. 72 Ala. 92; 95 Ala. 626, 11 South. 67; 162 Ala. 317, 50 South. 155; 196 Ala. 362, 71 South. 989; 32 Ala. 27; 128 Ala. 505, 30 South. 630; 189 Ala. 487, 66 South. 714. Where the trial is by the court without a jury, and no special finding of fact is requested or made, the judgment of the court below equals the verdict of a jury. Code 1907, § 5361; 87 South. 521; 14 Ala. App. 433, 70 South. 292; 40 South. 337; 16 Ala. App. 359, 77 South. 971.

ANDERSON, C. J. [1] This case was tried by the court without a jury, and the evidence was ore tenus, or partly so, and its conclusion upon the facts was like unto the verdict of a jury and which will not be disturbed by this court unless contrary to the great weight of the evidence. Hackett v. Cash, 196 Ala. 403, 72 South. 52. The plaintiff's evidence was believed by the trial court and was sufficient to support the finding, and, while disputed or contradicted in some material aspects by the defendant's witness, he was not contradicted by an overwhelming weight of the evidence.

[2] There was no error in permitting the plaintiff to state as a fact what was due him under his dealings with the defendant as this was a collective fact as to which he could testify and as to which the defendant had the right to and did cross-examine him. Richards v. Herald Shoe Co., 145 Ala. 657, 39 South. 615; Dominey v. Dowling, 200 Ala. 619, 76 South. 977.

[3] The trial court committed no reversible error in permitting the plaintiff, who was an experienced insurance man, to define or explain certain technical terms or phrases used in the letters and the meaning of same as used in insurance parlance.

[4, 5] We cannot determine whether or not the amendment of a so-called bill of particulars was not a permissible one, as the bill of exceptions contains no bill of particulars which may have been furnished the defendant. True, there is a statement by appellant's counsel to the reporter to note certain dates or facts as to a bill of particulars; but this was but a statement of counsel not under oath, and was not proof of a bill of particulars or the contents of same.

Finding no reversible error in the record, the judgment of the circuit court must be affirmed, and which is accordingly done.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.