OPAL DURHAM, BY JAMES DURHAM, HER NEXT FRIEND, RESPONDENT,
v. MORRISON TENT AND AWNING COMPANY, A CORPORATION, AP-
PELLANT.*

St. Louis Court of Appeals. Opinion filed July 12, 1927.

**1.—Negligence—Ordinances—Evidence—Instructions—Instruction With-drawing Assignment of Negligence in Violating Ordinance Not Introduced in Evidence Refused—Error.** Where plaintiff pleads an ordinance and relies upon it, and does not introduce it in evidence, and the defendant requests an instruction, correct in form, withdrawing such assignment of negligence from the jury, it should be given.

**2.—Evidence—Ordinances—Judicial Notice.** Courts do not take judicial notice of municipal ordinances, and their existence and contents must be proven as other facts are established, if a party litigant expects to rely upon them.

---

*Corpus Juris-Cyc. References: Evidence, 23CJ, p. 138, n. 79; Trial, 38Cyc, p. 1703, n. 75.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Robt. W. Hall, Judge.

REVERSED AND REMANDED.

*Banister, Leonard, Sibley & McRoberts* for appellant.

(1) Plaintiff failed to make out a case for the jury and defendant's instructions in the nature of demurrers to the evidence should

have been given, because: (a) The plaintiff was under a legal duty to look before crossing St. Charles street, particularly since this was a busy thoroughfare in the heart of the business district. Lowry v. Smith, 199 Mo. App. 163; Knapp v. Barrett, 216 N. Y. 226; Jones v. Wiese, 88 Wash. 356; Brickell v. Trecker, 176 Wis. 557; Thompson v. White, 204 Pac. 561, 56 Cal. App. 173; Palmer v. Spencer, 96 Conn. 631; Chiappane v. Greenbaum, 178 N. Y. S. 854, 189 App. Div. 579; Davis v. Breuner, 167 Cal. 683; Mayer v. Anderson, 173 Pac. 174, 36 Cal. App. 740. (b) The plaintiff, in crossing St. Charles street heedlessly and without looking, was guilty of contributory negligence as a matter of law. Lowry v. Smith, 199 Mo. App. 163; Mayer v. Anderson, 173 Pac. 174, 36 Cal. App. 740; Jones v. Wiese, 88 Wash. 356; Knapp v. Barrett, 216 N. Y. 226; and other cases cited supra, 1 (a), (c) Plaintiff's contributory negligence was the proximate cause of the accident and the last clear chance doctrine has no application to the facts. Wilson v. Washington Flour Mill Co., 245 S. W. 205 (Mo. App.); Murray v. St. Louis Wire & Iron Co., 238 S. W. 836 (Mo. App.); Bibb v. Grady, 231 S. W. 1020 (Mo. App.); Chappell v. United Railways Co., 174 Mo. App. 126; Dey v. United Railways Co., 140 Mo. App. 461; Paul v. United Railways Co., 152 Mo. App. 577; Fleming v. Railroad, 263 Mo. 180; Jones v. Wiese, 88 Wash. 356; Mayer v. Anderson, 173 Pac. 174, 36 Cal. App. 740. (2) (a) Where a specification of negligence in the petition is not proved, an instruction withdrawing such specification from the jury should be given. Pinteardd v. Hosch, 233 S. W. 81 (Mo. App.). (b) There was a total failure to prove the allegation in plaintiff's petition invoking the last clear chance doctrine, and the offered instruction properly withdrawing this from the attention of the jury should have been given. Cases cited supra, 1 (c). (3) The plaintiff was an unemancipated minor at the time of the accident, and her father was primarily liable for her support and maintenance, therefore, the testimony as to the reasonable value of the medical attention rendered her was improperly admitted. Worthington v. Worthington, 212 Mo. App. 216; State ex rel. v. Hall, 257 S. W. 1047 (Mo. App.); Kershner v. Kershner, 202 Mo. 238; Werner v. Schucart, 202 Mo. App. 176; Irwin v. McDougal, 274 S. W. 923 (Mo. App.); Perren v. Wilson, 10 Mo. 451. (4) There was no testimony supporting the specification of negligence in plaintiff's petition that the defendant failed to slow down the automobile in question, and the instruction offered withdrawing this specification from the jury should have been given. Cases cited supra, 2 (a). (5) (a) Courts do not take judicial notice of the ordinances of incorporated cities and towns, and such ordinances must be pleaded and proved as other facts in the case. Compton v. Maden, 120 Mo. App. 404; American Packing Co. v. Neece, 277 S. W. 606 (Mo. App.); Peterson v. Rail-

ways, 270 Mo. 67; City v. Ameln, 235 Mo. 669.  (b)  Since section 1301, Revised Code of Ordinances of the city of St. Louis 1914, was not introduced in evidence the specification of negligence based thereon wholly failed of proof, and should have been withdrawn from the jury by the proper instruction offered.  Kroell v. Lutz, 236 S. W. 424 (Mo. App.); Borah v. Zoellner Motor Car Co., 257 S. W. 145 (Mo. App.)

*C. J. Krueger, A. Lowell Morris* and *Frank Coffman* for respondent.

(1)  Defendant's instruction in the nature of a demurrer to the evidence was properly overruled: (a)  The evidence does not conclusively show that plaintiff did not look.  (b)  Even if she had failed to look she would not have been guilty of contributory negligence as a matter of law, because it was defendant's statutory duty to sound a warning of the approach of the automobile.  (c)  There was no evidence that plaintiff did not look; she was not asked whether she looked or not; under such circumstances it was for the jury to say whether she made reasonable uses of her senses or not.  Lowry v. Smith, 199 Mo. App. 163, 171.  (2)  Defendant joined with plaintiff in submitting plaintiff's contributory negligence to the jury by offering instruction No. 5, which the court gave for the defendant, submitting that issue to the jury.  (3)  The court committed no error in refusing defendant's withdrawal instructions D, E and G because: (a)  The evidence was sufficient on the assignments of negligence, sought to be withdrawn by said instructions, to justify their refusal.  Pinteardd v. Hosch, 233 S. W. 81 (Mo. App.).  (b) When relevant testimony is adduced to sustain an issue, though such testimony may not measure up to the allegation of negligence, it is error, by withdrawal instructions, to tell the jury no such testimony exists, or that there is no evidence to sustain such allegation.  Bussey v. Don, 259 S. W. 791 (Mo. App.).  (4)  Though plaintiff was an unemancipated minor, she may sue a wrongdoer for outlays for necessities, on the theory that her estate would be liable therefor, and that she may sue to recoup the *corpus* of her estate to that extent. Stotler v. Railroad, 200 Mo. 107-140-141.

NIPPER, J.—This is an action for damages alleged to have been sustained by Opal Durham when she was struck by one of defendant's trucks at the intersection of Broadway and St. Charles streets in the city of St. Louis.  There were a number of assignments of negligence in the petition, namely, failure to keep a vigilant watch; failure to give any signal of warning; negligently operating the truck at a high, excessive and dangerous rate of speed; failure to slow down the speed; negligently operating said truck at a rate of speed

in excess of ten miles per hour; violation of a certain ordinance of the city of St. Louis, and the humanitarian rule.

Plaintiff requested and was given only one instruction, and that was on the measure of damages. Defendant asked instructions in the nature of demurrers to the evidence at the close of the plaintiff's case, and again at the close of the whole case. The court refused to give these, and separate withdrawal instructions were requested by defendant, withdrawing from the consideration of the jury each and every assignment of negligence in the petition. The court refused to withdraw any of of the assignments of negligence from the jury. Plaintiff recovered judgment, and the defendant appeals.

The evidence discloses that Broadway runs north and south, and St. Charles runs east and west. Plaintiff was on the west side of Broadway and started to cross St. Charles street going north. When she had crossed St. Charles street about two-thirds of the way, she was struck by one of defendant's trucks, being driven westward on St. Charles street.

She testified that she did not see the truck until it struck her, and that no warning signal of any kind was given. The evidence also discloses that when the truck was from eighteen to twenty feet away from plaintiff, it was traveling at a rate of speed of about eighteen or twenty miles per hour. Plaintiff did not say that she looked at any time before she was struck, to see if there was any vehicle approaching. In fact, the record is silent as to whether she looked or did not look. She does testify, however, that she did not see the truck until she was hit by it. There is evidence that the truck did not slacken its speed until it struck plaintiff.

The chauffeur testified that he could have stopped the truck, at the rate of speed he was driving, in about five or six feet. He also testified that he was going about eight or ten miles per hour when he went over the crossing. The accident happened between five and six o'clock in the afternoon, and the point where the accident occurred is a very busy and congested section of the city.

The defendant urges as grounds for reversal, that the court should have given its withdrawal instructions withdrawing from the consideration of the jury all the assignments of negligence in the petition. Defendant insists that there was no evidence to take the case to the jury, upon any of the assignments of negligence. It first complains that the record is silent as to whether or not defendant looked, and that, therefore, we have a right to assume that she did not look, and by failing to look, was guilty of contributory negligence, as a matter of law. It is further urged that the court erred in not giving the withdrawal instruction withdrawing from the consideration of the jury the allegation of negligence in

the petition to the effect that defendant had violated a certain ordinance of the city of St. Louis, because such ordinance was not introduced in evidence.

It is evident, that this case will have to be reversed, because one of the allegations in the petition is that defendant's driver negligently operated this truck at a rate of speed in excess of ten miles per hour in violation of a certain ordinance of the city of St. Louis. This ordinance was not introduced in evidence. Defendant offered a correct instruction withdrawing this assignment of negligence from the jury, and where plaintiff pleads an ordinance and relies upon it, and does not introduce it in evidence, and the defendant requests an instruction, correct in form, withdrawing such assignment of negligence from the jury, it should be given. [Pinteardd v. Hosch (Mo. App.), 233 S. W. 81; Borah v. Zoellner Motor Car Co. (Mo. App.), 257 S. W. 145.]

This is especially true, where plaintiff requests and is given an instruction only on the measure of damages. Of course, if plaintiff had asked instructions, submitting only one assignment of negligence to the jury, it could be said that he abandoned the other assignments, and if this one was not included, it would, under recent decisions, not have been reversible error to have refused to have given the withdrawal instructions. However, we have no such situation in this case. Courts do not take judicial notice of municipal ordinances, and their existence and contents must be proven as other facts are established, if a party litigant expects to rely upon them.

The evidence is very meager as to some of the other assignments of negligence in this petition, but we do not feel that the facts as disclosed by this record, would authorize a reversal of this case outright. As the case must be reversed and remanded, we will not assume that the same errors will appear upon another trial of this case. However, for the error above mentioned, this judgment is reversed and the cause remanded.

*Becker, J.,* concurs; *Daues, P. J.,* concurs in the result.