(135 So. 479)

NEWELL CONTRACTING CO. v.
WHEELER.

6 Div. 624.

Supreme Court of Alabama.
May 14, 1931.

Rehearing Denied June 25, 1931.

White E. Gibson, of Birmingham, for appellant.

Miller, Graham & Wingo, of Birmingham, for appellee.

BROWN, J.

The appellee brought this action of assumpsit against the appellant to recover for work and labor performed in respect to the completion of certain sectors of public highway in the counties of Covington and Monroe. The complaint consists of the common counts, and the pleas were the general issue, payment and set-off.

The work was performed under three different contracts. One in respect to claying road project S-31 C, Covington county, extending from Rocky creek to the end of the road near Seawright. Another related to widening a cut on a project which had been undertaken by Newell & Wall, and which had not been completed to meet the requirements of defendant's contract with the state highway department, and another relating to certain work in Monroe county.

The major controversy between the parties was in respect to the terms of the contract for widening the cut. Plaintiff's contention here was that this work was done under what is termed a "force account," by the terms of which plaintiff was to have 10 per cent. plus the actual cost of the work, and plaintiff's testimony tended to sustain this contention.

The defendant's contention, on the other hand, was that the work was done on the basis of yardage of dirt and stone removed, and the evidence offered by the defendant tended to support this theory.

Another controversy arose from the claim of the defendant that plaintiff did not complete the work in Covington county before moving to Monroe, and this work was completed by defendant on "force account."

After the plaintiff had testified to his dealings with the defendant, the work done and the terms of the contracts between the parties, and the estimates had been offered in evidence, to quote from the bill of exceptions, "plaintiff's Attorney wrote upon a blackboard in the presence of the jury the statement of the items to which the witness had testified" showing a balance between debit and credit of $2,112.38, the witness was asked: "Is that the amount (pointing to the words and figures—balance due Wheeler $2112.38 shown on the blackboard) Newell Construction Company owed Wheeler Construction Company for that work in Covington County?" The defendant's objection that this question "calls for immaterial, irrelevant, illegal and incompetent testimony," was overruled, and the witness answered: "That is what I figure." The question was not subject to the objection; it merely called for a collective fact, and, under the repeated rulings of the court, that is permissible. Commonwealth Life Insurance Co. v. Reilly, 208 Ala. 313, 94 So. 294.

The question asked the witness Wall, made the basis of the fourth assignment of error, was on cross-examination, and, though it elicited immaterial evidence, the objection was addressed to the court's sound discretion. Central of Georgia Railway Co. v. Stephenson, 189 Ala. 553, 66 So. 495; Ingram v. State of Alabama, 67 Ala. 67; Dickey v. State, 15 Ala. App. 135, 72 So. 608; Cox v. State, 162 Ala. 66, 50 So. 398.

In Hardaway-Wright Co. v. Bradley Bros., 163 Ala. 596, 51 So. 21, 22, cited by appellant, the question held to be objectionable was, "If the plaintiffs had been allowed to do the construction work on mile 16, what profit would plaintiffs have realized?" and of it the court said: "This question called for a conclusion, which should be drawn by the jury, and not by the witness."

The question put to the witness N. W. Newell, and made the predicate for assignment of error six, "When he left Covington County to go to Monroe County, do you know whether or not, at that time, he was indebted to Newell Contracting Company in the sum of $892.00 at the time he moved away from Covington County?" was permissible, under the rule stated in Commonwealth Life Ins. Co. v. Reilly, supra. The witness was one of the incorporators of the defendant, and the dealings out of which this controversy arose were, in the main, between this witness and the plaintiff, and witness had testified fully as to the dealings between himself and Wheeler. The question called for the witness' knowledge in respect to a collective fact, and not a mere conclusion, and the court erred in sustaining the objection. Sovereign Camp, W. O. W., v. Hoomes, 219 Ala. 560, 122 So.

686; Commonwealth Life Ins. Co. v. Reilly, 208 Ala. 313, 94 So. 294.

For this error, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.