**CITY OF ROLLA, Missouri, Plaintiff-Appellant,**

v.

**Arthur R. RIDEN, Defendant-Respondent.**

No. 7946.

Springfield Court of Appeals.

Missouri.

Aug. 25, 1961.

Motions for Rehearing or to Transfer Overruled Sept. 27, 1961.

Ronald J. Fuller, Rolla, for plaintiff-appellant.

Llyn Bradford, White & White, Rolla, for defendant-respondent.

STONE, Presiding Judge.

This cause was instituted in the police court of the City of Rolla, Missouri, a city of the third class, by the filing of a sworn written complaint [V.A.M.S. § 98.360] charging that defendant, Arthur R. Riden, did "unlawfully and wilfully violate Section 3 of Ordinance 1063 of said city * * * in that * * * (he) did then and there unlawfully bring milk into the municipality of Rolla, Missouri, for sale and did offer said milk for sale therein, without then and there possessing a permit from the Health Officer of the municipality of Rolla, Missouri." From the judgment entered upon a jury verdict of not guilty, the city appealed to the circuit court [V.A.M.S. § 98.460], where defendant filed a motion to dismiss on the ground that Ordinance 1063 "is void for the reason that same is in conflict with the laws of Missouri as set out in the case of * State ex rel. William Knese et al vs. Edward (sic) R. Kinsey et al, 314 Mo. 80 [282 S.W. 437]." After argument of counsel, the court sustained the motion. From

that judgment of dismissal, the city again appeals.

■ The transcript on appeal, as supplemented upon objection of defendant's counsel and finally approved, was not filed in this court "within ninety days from the date of filing of the notice of appeal" [Rule 82.18; V.A.M.S. § 512.130], i. e., within 90 days after October 14, 1960; and, although such transcript was filed on February 25, 1961, well within the period of six months during which the time for its filing might have been extended by the trial court "upon notice and motion * * * where the failure to act was the result of excusable neglect" [Rules 82.19 and 44.01 (b); V.A.M.S. § 506.060, subd. 2(2)], there was no such motion or order for extension of time. (All references to rules are to the Rules of Civil Procedure, V.A.M.R.) Nor has any application been made to this court, invoking the exercise of our discretionary power under Rule 83.26 to extend the time for filing the transcript. Clader v. City of Neosho, 354 Mo. 1190, 193 S.W.2d 620, 621; Heard v. Frye's Estate, Mo.App., 319 S.W.2d 685, 687(7). Under these circumstances, the appeal might be dismissed. School Dist. No. 24 v. Mease, Mo.App., 193 S.W.2d 513. However, the spirit of our rules of procedure, which finds expression in Rule 83.24, is that they should be construed liberally with a view to disposition of cases on their merits unless the procedural delinquency has been too grave to condone. See Baldwin v. Desgranges, 355 Mo. 959, 199 S.W.2d 353, 355(1); Lieffring v. Birt, 356 Mo. 1092, 204 S.W.2d 935, 937 (7). Mindful that the instant case has been briefed, argued and submitted with no formal complaint or motion to dismiss the appeal [compare Prudot v. Stevens, Mo. App., 266 S.W.2d 756, 762(10); Dunlap v. Donnell, Mo.App., 234 S.W.2d 330, 331(1); Morris Plan Co. of Kansas v. Jenkins, Mo. App., 216 S.W.2d 160, 161(3)], we have concluded that, in the exercise of our discretion, we should treat the supplemented transcript as having been filed by leave of this court under Rule 83.26. State v. Amsden,

Mo., 299 S.W.2d 498, 502(7). Consult also Costello v. Goodwin, 240 Mo.App. 538, 210 S.W.2d 375, 377–378.

■ The city's first point is here (as it was in the timely motion for new trial in the circuit court) that the court erred in sustaining defendant's motion to dismiss because Ordinance 1063 was not in evidence or properly before the court and the court could not take judicial notice thereof. This point is well-taken. No evidence was offered or received on the motion to dismiss, and the transcript does not include a copy of Ordinance 1063. The only portions of that ordinance, which the record purports to reflect, are comparatively brief excerpts therefrom read by defendant's counsel in the course of oral argument on the motion, to-wit, (1) a *part* of Section 3, which defendant was charged with violating, and (2) "Section 8, page 14 of the ordinance" identified by counsel as the provision concerning pasteurization. But, the statements of counsel did not prove themselves or constitute evidence even as to these very limited portions of the ordinance to which the statements pertained, and certainly not as to the ordinance in its entirety. Wilson v. Motors Insurance Corp., Mo.App., 349 S.W.2d 250; Engle v. Ferrell, 126 Mo.App. 577, 581, 105 S.W. 23, 24(5); State ex rel. Lesh v. Indiana Mfrs. of Dairy Products, 198 Ind. 288, 153 N.E. 499, 503(7); Pennsylvania Knitting Mills Corp. v. Bayard, 287 Pa. 216, 134 A. 397, 400(9); Commonwealth Life Ins. Co. v. Reilly, 208 Ala. 313, 94 So. 294(5). Apparently recognizing the insufficiency of the record, defendant's counsel have tendered to us what purports to be (and, no doubt, is) a copy of Ordinance 1063, seventeen legal-sized, single-spaced, typewritten pages in length. But, it is a trite commonplace of appellate procedure that we must take a record as it comes to us [Bennett v. Wood, Mo., 239 S.W.2d 325, 327(2); Prentice v. Williams, Mo.App., 324 S.W.2d 466, 469(2) ] and that it may not be pieced out by extraneous material not found in the transcript and not conceded by adversary counsel. Compare Lubrication

Engineers, Inc. v. Parkinson, Mo.App., 341 S.W.2d 876, 879(9); E. C. Robinson Lumber Co. v. Lowrey, Mo.App., 276 S.W.2d 636, 644(21).

Neither may we affirm the judgment of dismissal on the theory that the court might have taken judicial notice of the ordinance. For, although instant defendant respectfully suggests "that Missouri law needs some more clarification on the subject of judicial notice respecting city ordinances," it was settled at an early date that courts will not take judicial notice of municipal ordinances [Cox v. City of St. Louis, 11 Mo. 431] and that rule has been so frequently reiterated and so long followed without deviation or departure, as exemplified in the incomplete marginal collation,[1] that it admits of no room for "clarification" or argument. Succinctly stated, these holdings may be summarized as establishing that neither trial nor appellate courts may take judicial notice of municipal ordinances. City of St. Louis v. Pope, Mo.App., 129 S.W.2d 106, 107(6); Kansas City v. McLendon, Mo.App., 197 S.W.2d 713, 714(1); City of Fredericktown v. Hunter, Mo.App., 273 S.W.2d 732, 733(1). "To go outside the case to decide the case is, as has been said of old, to embark on a shoreless sea without chart, rudder, or compass." City of St. Louis v. Ameln, 235 Mo. 669, 682, 139 S.W. 429, 432. The trial court should not have sustained instant defendant's contention that an ordinance, not properly before the court and of which the court could not take judicial notice, was "void."

Since the foregoing dictates the necessity of a remand, these comments are added only in the interest of minimizing the possibility of error in further proceedings. As the city attorney points out, defendant is charged with having sold, or offered for sale, milk in the City of Rolla "without then and there possessing a permit from the Health Officer of the municipality of Rolla, Missouri." He was *not* charged with having sold or offered milk which had not been pasteurized, and we find no agreement of counsel or admission by the city that defendant did not have the required permit because the milk sold or offered by him had not been pasteurized. Thus, on the complaint and motion to dismiss it cannot be known whether the charge involves, depends upon, or is related to the pasteurization of milk. Contrast State ex rel. Knese v. Kinsey, 314 Mo. 80, 86, 282 S.W. 437, 438.

But if, as is suggested dehors the record, the instant case may, in the final analysis, turn upon validity of the prohibition in Section 8 of Ordinance 1063 against sale to the ultimate consumer of any milk "except Grade A pasteurized," we do not read the Knese case, supra, as requiring determination of such validity vel non on a naked motion to dismiss or as suggesting the impropriety of hearing evidence bearing upon whether such prohibition constitutes a reasonable or an unreasonable regulation of "milk dairies and the sale of milk." V.A.M.S. § 71.720. On the contrary, "(a) great volume of evidence" [314 Mo. loc. cit. 84, 92, 282 S.W. loc. cit. 438, 440] was taken in the Knese case, on the basis of which

1. City of St. Louis v. Roche, 128 Mo. 541, 544, 31 S.W. 915, 916; City of St. Louis v. Liessing, 190 Mo. 464, 89 S.W. 611, 617 (5), 1 L.R.A.(N.S.) 918; City of St. Louis v. Bippen, 201 Mo. 528, 100 S.W. 1048, 1049(2); City of St. Louis v. Ameln, 235 Mo. 669, 139 S.W. 429, 432 (4); City of St. Louis v. Young, 248 Mo. 346, 154 S.W. 87(1); City of St. Louis v. St. Louis R. Co., 12 Mo.App. 591; Town of Canton v. Madden, 120 Mo.App. 404, 96 S.W. 699, 701; Kansas City v. Sells-Floto Shows Co., 201 Mo.App. 523, 214 S.W. 269, 271(4); City of Macon v. Rennick, 226 Mo.App. 592, 44 S.W.2d 249, 250(1). See also City of St. Louis v. Young, 235 Mo. 44, 138 S.W. 5, 7(2); State ex rel. City of St. Louis v. Missouri Pac. Ry. Co., 262 Mo. 720, 174 S.W. 73, 75; Peterson v. United Rys. Co., 270 Mo. 67, 192 S.W. 938, 940(1); American Packing Co. v. Neece, Mo.App., 277 S.W. 605, 606(4); Durham v. Morrison Tent & Awning Co., 220 Mo.App. 1161, 297 S.W. 137, 138(2); Robinson v. Ross, Mo. App., 47 S.W.2d 122, 128(12); Hartley v. McKee, Mo.App., 86 S.W.2d 359, 361 (2).

the court reached certain conclusions. Perhaps significantly the court wrote that "(i)t might be shown that under conditions existing in St. Louis raw milk cannot be safely used, that to allow dairymen to sell it and deal in it is likely to be injurious to the health of the inhabitants of the city, and therefore the regulation requiring milk to be pasteurized is a reasonable regulation," although "the soundness of that proposition" was not conceded or ruled because it was not supported by the evidence taken in that case [314 Mo. loc. cit. 90, 282 S.W. loc. cit. 440]. As in most areas of human inquiry and learning, there have been revolutionary discoveries, spectacular advances and changed concepts in the field of public health during the span of thirty-five years since the Knese decision in 1926. It would be brash and improper, as well as idle and useless, for us to engage in speculation and surmise as to what informed witnesses might say *today* concerning the reasonableness of a requirement for pasteurization of milk sold to ultimate consumers in densely-populated urban areas. Whatever such evidence might be, courts should not stop their ears and close their minds to it; and, entertaining no preconceived notion concerning the merits of the instant case, we nevertheless think that attempted determination of the reasonableness of the prohibition in Section 8 on defendant's naked motion to dismiss would be premature.

■ Finally, it may not be amiss to observe that, *even if* the prohibition in Section 8 were invalid (as to which we neither indicate nor have any opinion), the remainder of that ordinance should not be stricken down as "void" unless it may be found judicially that the City Council of Rolla would not have passed the entire enactment if it had known of such invalidity of Section 8. City of Springfield v. Stevens, 358 Mo. 699, 712, 216 S.W.2d 450, 458(21); State ex rel. Hart v. City of St. Louis, 356 Mo. 820, 831, 204 S.W.2d 234, 240(4, 5); State ex inf. McKittrick ex rel. City of Springfield v. Springfield City Water Co., 345 Mo. 6, 20–21, 131 S.W.2d 525, 532(8); O'Donnell v. Wells, 323 Mo. 1170, 1179, 21 S.W.2d 762, 766(11). See Poole & Creber Market Co. v. Breshears, 343 Mo. 1133, 1150, 125 S.W.2d 23, 32–33(19–22); State ex rel. State Highway Commission of Missouri v. Curtis, 365 Mo. 447, 455–456, 283 S.W.2d 458, 463–464(2–4); 62 C.J.S. Municipal Corporations § 429a, p. 823.

The judgment of dismissal is set aside and the cause is remanded for further proceedings not inconsistent with this opinion.

McDOWELL and RUARK, JJ., concur.