**CITY OF KANSAS CITY, Respondent,**

v.

**Sharon STONER and Robert Stoner, Appellants.**

**Nos. 24714 and 24715.**

Kansas City Court of Appeals.

Missouri.

Feb. 5, 1968.

Michael J. Drape, Knowlton & Drape, Kansas City, for appellants.

Herbert C. Hoffman, City Counselor, Richard W. Mason, Jr., Associate City Counselor, Charles A. Lewis, City Pros., Kansas City, for respondent.

HOWARD, Presiding Judge.

Each of the appellants was charged in Kansas City Municipal Court with stealing property of the value of $19.95 contrary to the ordinances of said city. Having been found guilty in Municipal Court, each appellant appealed to the Circuit Court where the two cases were tried together and both appellants again found guilty. Each has duly appealed to this court and the two appeals were consolidated by order of this court. Since the charges grew out of one transaction, the facts are the same and both cases may be disposed of in this one opinion. We shall refer to the parties as they appeared below.

On July 9, 1966, an employee of the Spartan-Atlantic, Inc., department store was guarding the door of the store in the absence of a policeman who normally performed such function. She observed the two defendants, husband and wife, enter the store and watched them go to the wig counter which was just inside the door. She observed the wife purchase a wig box which was put into a large bag. The two defendants then went into the men's department where the employee observed the husband take five Banlon shirts from the rack where they were hanging, remove the store's price tags, and put them in the sack with the wig box. The wife was holding the sack. The wife then started out the door while the husband stopped for a moment to look at other merchandise. The employee stopped the wife and stated she had some merchandise that had not been paid for. The wife wanted to wait for her husband and she and the store employee did so. They were standing in the vestibule between the two sets of doors which go from the outside into the store. When the husband joined them, the wife advised him that the store employee desired to look in the sack and the husband told the wife to let the employee do so. When the sack was opened, the employee observed the five Banlon shirts. There was no cash register receipt for the shirts in the bag and the employee testified that if the merchandise had gone through the check-out stand, the cashier would tear off half of the ticket, leaving the other half showing the name of Spartan-Atlantic, Inc. The employee specifically testified that the shirts introduced in evidence were the same shirts that she found in the sack in the wife's possession and were the same ones the husband had taken from the rack and placed in the sack held by the wife. Although requested by the employee, neither defendant produced a cash register receipt for these five Banlon shirts. The two defendants testified that they had purchased the five Banlon shirts, had then gone to their car where the husband remembered that he had forgotten to purchase a pair of bathing trunks for himself and started back into the store. The wife testified that she put all of her purchases into the one big

bag while at the car and was unable to produce the sales receipt because it was misplaced in the repacking operation. She stated that she later found the receipt. Defendants testified that they then re-entered the store; that the husband selected a pair of bathing trunks and was standing in the check-out line when he observed the store employee pushing his wife around. The wife had started to the car instead of waiting for her husband to check out. The Banlon shirts were priced at $3.99 each and defendants produced at the trial a sales receipt for five items at $3.99 each from Spartan-Atlantic, Inc., bearing the date of the offense, i. e. July 9, 1966.

After defendants were apprehended, they were taken to the store office. The wife refused to allow the employee to inspect the contents of her purse. A report was made and the police were called and the defendants were taken to police headquarters. The store employee testified that this occurred in the early afternoon and the defendants testified that it occurred sometime between 5 and 6 P.M. In any event, when they made bond and were released from police headquarters, the defendants returned to the parking lot of the store to get their car. Both defendants denied that they re-entered the store and made a purchase of five items of $3.99 each after they returned from police headquarters. They maintained that the receipt was made before their arrest when they paid for the five Banlon shirts in question.

On the basis of this evidence, the Circuit Court sitting without a jury found each defendant guilty and imposed on each a fine of $19.65.

At the trial, the city introduced into evidence "The Revised Ordinances of Kansas City, 1956, as amended, Chapter 39, Section 750.—Stealing". Section 39.750 of the Revised Ordinances of Kansas City, Missouri, 1956, denounced the offense of stealing without providing a penalty. Section 1.100 of these Revised Ordinances provides a general penalty for all activity declared to be unlawful or a misdemeanor. Punishment is set at a fine not to exceed $500.00 or imprisonment not to exceed one year, or both. On July 2, 1965, by Ordinance No. 31427, the Revised Ordinances of Kansas City, 1956, were amended by repealing Section 39.750, and enacting in lieu thereof a new section bearing the same number and covering the same subject. This new section defines "Property" and "Steal". It contains other provisions and definitions and provides its own penalty section which calls for the same range of punishment as that contained in Section 1.100. At the trial, the city did not introduce into evidence Section 1.100 but, as heretofore pointed out, did introduce Section 39.750 as amended. It was this amended section which was in effect at the time of the offense here being considered and in view of the fact that this section now contains its own penalty provision, it was unnecessary to introduce the separate penalty section of the Revised Ordinances.

Defendants contend that the city failed to make a submissible case because they did not introduce the separate penalty section. this ignores the fact that the ordinance which was introduced contained its own penalty provision and was the ordinance in effect at the time of the offense. Under such circumstances, it is apparent that the ordinance actually introduced was complete in and of itself. It denounced the offense and provided the penalty for violation. The city's case was complete in this respect. The case of Town of Canton v. Madden, 120 Mo.App. 404, 96 S.W. 699, cited and relied on by defendants, is not in point because in that case, the city had by ordinance declared certain activity to be unlawful but it had failed to provide any penalty for such unlawful activity. The other case relied on by defendants, City of St. Louis v. Vetter, Mo.App., 293 S.W.2d 140, concerns a charge against the defendant brought by the City of St. Louis under an individually specified and numbered ordinance which had been repealed before the offense was committed. In that case, the St. Louis

Court of Appeals properly held that no conviction could be had under an ordinance which had been repealed before the offense occurred. This is no authority for the case at bar where the defendant is charged with a violation of a given section of a compilation of ordinances known as "Revised Ordinances of 1956", and when the appropriate section of the revision, as amended, which was the ordinance in force at the time of the offense, was introduced in evidence without objection.

The defendants also contend that the city failed to make a submissible case because testimony was lacking as to the ownership of the Banlon shirts alleged to have been stolen. A reading of the transcript discloses that the employee who testified as a witness for the city specifically stated that she saw the defendant husband remove the Banlon shirts from the rack in the store, remove the store price tags therefrom, and place the shirts in the sack held by the wife who, in turn, attempted to carry them from the store. It must be remembered that ownership, like every other element of the offense of stealing, can be proven by circumstantial evidence. See State v. Brewer, Mo., 325 S.W.2d 16. This testimony of the employee witness was sufficient, if believed, to make a submissible case against defendants and each of them, for stealing the property of Spartan-Atlantic, Inc. The employee testified that at the time of the occurrence, she was an employee of and working in the store of Spartan-Atlantic, Inc., at a given address in the City of Kansas City, Jackson County, Missouri. The facts here are in no wise comparable to State v. Celmars, Mo.App., 399 S.W.2d 145, relied on by defendants, where no one saw the defendant take the merchandise; the officials of the store did not know the merchandise was missing, and the only evidence was the defendant's possession of the allegedly stolen merchandise under suspicious circumstances and his statements and admissions in relation thereto.

The evidence as it has been heretofore summarized was amply sufficient, if believed by the trier of facts, as it obviously was, to make a submissible case and to support the trial court in finding each defendant guilty.

Finding no error, both judgments below are affirmed.

CROSS, J., concurs.

MORGAN, J., not participating because not a member of the Court when the cause was submitted.