**CITY OF ST. JOSEPH, Respondent,**

v.

**Larry L. GANN, Appellant.**

**No. 25589.**

Kansas City Court of Appeals, Missouri.

Feb. 1, 1971.

Theodore M. Kranitz, St. Joseph, for appellant.

Ronald E. Taylor, City Atty., Joseph P. Cunningham, Asst. City Atty., St. Joseph, for respondent.

JAMES W. BROADDUS, Special Commissioner.

This is an appeal from the Circuit Court of Buchanan County, wherein appellant, Larry L. Gann, was convicted of the violation of a municipal ordinance.

Before reviewing the evidence the following should be set forth. An automobile owned by one Bert Meeks collided with a truck operated by one James Westrich on November 5, 1969. At the scene of the accident the appellant was arrested on a violation of Sec. 5–8 of the Code of Ordinances of the City of St. Joseph, i.e. being drunk in a public place. Appellant was taken to the police station where he was given a chemical test, which showed that he had 1.61 percent alcohol in his blood by weight. During further investigation of the accident, it was ascertained from witnesses that appellant was driving the automobile owned by Meeks at the time of the accident. Whereupon, a second information was prepared against appellant for violation of Sec. 21–162 of the Code of Ordinances of the City of St. Joseph, Missouri (Code) i.e. driving a vehicle while under the influence of alcohol.

On trial in the Municipal Court of St. Joseph on November 19, 1969, appellant was found guilty of a violation of Sec. 21–162 of the Code. The information charging appellant with a violation of Sec. 5–8 was dismissed by the respondent, but the unprosecuted information remained in the file.

Appeal was then taken by appellant and a transcript of the proceedings in the Municipal Court was filed with the Circuit Court pursuant to V.A.M.R. 37.80. At this time the file still contained the unprosecuted information. At the outset of the trial in the Circuit Court on April 22, 1970, counsel for respondent was instructed by the trial judge to remove the unprosecuted information from the file and "to dispose of it." At no time either in the Municipal Court or in the Circuit Court was this information considered in the conviction of appellant.

After a hearing on appellant's appeal, the Circuit Court found him guilty and assessed a fine in the amount of $100. From that conviction the appellant has prosecuted this appeal.

Galen Streeter testified that he was a traffic officer of the City of St. Joseph and that on the 5th day of November, 1969, he investigated an accident at the intersection of 12th and Grand. Upon his arrival at the scene of the accident he found two cars in a damaged condition one, a 1961 Studebaker, the other, a 1967 "Chivie Van." He saw appellant Gann and Bert Meeks. Both were out of the car. He inquired who the drivers were and Meeks said he was the driver of the Studebaker. James Westrich, Jr., was the driver of the Chevy Van. Officer Streeter took appellant to the police station for the purpose of having him submit to a breathalizer test. The officer stated: "He (Gann) kind of swayed when he walked and had a strong odor of alcohol on his breath."

Charles Wells testified that he was a traffic officer on the St. Joseph Police Department and had been on the police force for the past 18 years; that one of his duties on the police force included the administering of a breathalizer test to determine

whether a person is under the influence of alcohol; that he had been trained to administer this test and, as a result of that training, had been licensed by the State of Missouri to administer the test; that he administered the test to appellant on November 5, 1969, the result of which disclosed the percentage of alcohol by weight in appellant's blood to be 1.61. He was asked: "Q. Did you observe Mr. Gann at the police station? A. Yes, I did. Q. Did you notice anything unusual in his behavior? A. Yes, he was very intoxicated." In answer to a question on cross-examination he said: "I do know he (appellant) was drunk."

Mr. James Westrich, Jr., testified that on November 5, 1969, he was involved in an accident at 12th and Grand; that prior to the accident he was driving east on Grand; that he did not see the other car involved in the accident prior to the collision; that after the collision he saw that there were two people in the other car; that he did not know them at the time. He was asked: "Q. Did you see one person behind the wheel? A. I saw one person behind the wheel, yes, sir. Q. Where was the other person in the car? A. Riding shotgun on the other side by the right door. Q. Is the man behind the wheel in the courtroom today? A. Yes. Q. Will you identify him please? A. Larry Gann. Q. You are positive as to the location in the car of the two occupants? A. Yes, I saw him behind the wheel." On cross-examination he was asked: "Q. You can say with certainty that it was Mr. Meeks sitting in—what you say—shotgun? A. Yes. Q. And Mr. Gann behind the wheel, and you are able to identify both of those men? A. Yes, I know who I saw behind the wheel. Q. You are certain of that? A. Yes, I am certain it was Mr. Gann behind the wheel."

Mrs. Gary Nichols testified that she witnessed the accident. She was asked: "Q. Where were you at the time? A. We was in the next block about four car lengths from the corner. Q. What attracted your attention to the accident? A. Mr. Gann passed us just previous before that at a high rate of speed. Q. Did you see the operator of the car get out? A. Yes, sir. Q. Who was that? A. He (Mr. Gann) got out on the driver's side of the car. Q. Did you know the person? A. Yes, I lived on Grand Avenue for quite a few years, and Mr. Gann lived down the street at the corner of Twelfth or Eleventh and Grand."

Appellant testified that Bert Meeks came to his home on the afternoon of November 5, 1969. Appellant said he was home "with the flu" and had "had a couple of highballs at home;" that he asked Meeks to give him a ride to his aunt's house, "and we had a wreck on the way up." The car belonged to Meeks, and according to both appellant and Meeks, Meeks was driving.

Appellant's first point is: "There is no pleading in the record upon which valid proceedings and conviction could be had."

In the transcript before us the following appears:

"TRANSCRIPT OF RECORD FROM MUNICIPAL COURT

Information filed November 5, 1969, charging defendant with D W I Section 21–162, Revised Ordinances of St. Joseph, Missouri, as amended."

Attached to the transcript before us appears the following: "Uniform Traffic Ticket" reciting: "In the Municipal Court of St. Joseph, Missouri, the undersigned peace officer complains and states that on or about 11,5,69, at 12th and Grand, within the City of St. Joseph, Missouri, Larry L. Gann, address 712 N 4th, St. Joe, Mo., did unlawfully operate a 61 Studebaker, 4 dr vehicle, direction of travel & Street, E on Grand, and then and there did commit the following offense, to-wit: Driving while under the influence of an intoxicating beverage while involved in an accident at 12th & Grand on 11-5-69 at 5:29 p.m. in violation of Sec. 21-162, as amended." It also recites that: "Above'

complaint is true as I verily believe." It was signed and sworn to by officers Streeter and Wells before W. Harry Wilson, Judge of the Municipal Court. At the bottom this appears: "On information undersigned prosecutor complains and informs court that above facts are true as he verily believes. R. Taylor, A.Ci.Atty."

As is to be seen the above follows the form set out in V.A.M.R. 37.1162. It contains a "plain, concise and definite written statement of the essential facts constituting the offense charged" and thus complies with V.A.M.R. 37.18.

Appellant asserts that "no valid and formal charge was ever filed * * * * *. Therefore, no information is of record, and the trial was a nullity." As we have stated, the transcript from the Municipal Court recites: "Information filed November 5, 1969." Moreover, the fact that the information charging him with driving while under the influence of alcohol was within the file of the Court is sufficient to show that it was filed. State v. Havens, 177 S.W.2d 625. Appellant's brief admits that a copy of this information was in the file with the transcript from the Municipal Court. The contention is without merit.

■ Appellant's second assignment is: "No evidence of municipal ordinances appears of record to give support to the judgment of conviction."

At the outset of the trial the record reveals the following: "The Court: Section 21–162 and 1–16 will be admitted into evidence by *stipulation*." (Emphasis ours)

In Words and Phrases, Vol. 40, page 242, it is stated: "A 'stipulation' is *an proceeding*." (Emphasis ours)

A reasonable inference to be drawn from the Court's statement is that there was some discussion off the record between the Court and counsel relative to the admission of the ordinance, otherwise the announcement would not have been made. It is to be presumed that courts of general jurisdiction act by right and not by wrong.

We hold that the ordinance was "properly before the Court" and thus the requirement called for in the case of City of Rolla v. Riden, Mo.App., 349 S.W.2d 255, cited by appellant, was met.

Moreover, at no time during the trial did appellant make any claim or suggestion that the ordinance was not before the Court. And his motion for new trial is completely silent on the subject. Thus he is in no position to now complain.

■ Appellant's third point is thus stated: "The original charge appears to have been amended improperly to allege a different offense than originally laid, and itself was bad *ab initio*."

He states in his brief: "The original information in the cause had nothing to do with the operation of a motor vehicle." That is true. Then the brief states: "The language of the original charge, furthermore, is fatally defective of itself." With that we are not concerned for the simple reason he was not tried upon that charge.

As we have stated, appellant was first charged with a violation of Sec. 5–8 of the Code of Ordinances, to-wit: being drunk in a public place. When upon further investigation, it was ascertained that appellant was, in fact, the driver of the Studebaker automobile, that charge was *dismissed* and the new information, charging him with driving a vehicle while under the influence of alcohol was filed. The original cause *was not amended, but dismissed and abandoned*. The contention is without merit.

Finally, appellant contends that the judgment is against the overwhelming weight of the credible evidence.

That appellant was intoxicated there can be no substantial doubt. Both officer Streeter and Wells said he was. And at the outset of the trial appellant's counsel made this statement: "Let the record show the defendant stipulates that there was an accident, and *this defendant was under the influence of intoxicating liquor*. I don't

**586**

stipulate he was drunk, I stipulate he had two highballs. That much I stipulate." (Emphasis ours)

Thus the real question in the case was whether or not appellant was the driver of the Studebaker car. At the conclusion of the evidence, the trial court said: "It narrows down to who you believe, and I believe Mrs. Nichols and Mr. Westrich, so the court finds the defendant to be guilty."

It is the well settled rule that the court trying an action at law without the aid of a jury is the sole judge of the credibility of the witnesses and the weight of their testimony. We, as an appellate court, are concerned only with the question of whether or not the judgment is supported by competent and substantial evidence upon the whole record. We hold that it was.

The judgment should be affirmed and your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is *hereby adopted as the opinion of the Court* and the judgment is affirmed.

All concur.